**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 15, 47, 62** |

**FINAL ORDER (A) AUTHORIZING THE MAINTENANCE OF BANK
ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS
AND CHECKS, (B) AUTHORIZING THE CONTINUED USE OF CASH
MANAGEMENT SYSTEM, (C) WAIVING CERTAIN INVESTMENT AND
DEPOSIT GUIDELINES, AND (D) GRANTING ADMINISTRATIVE
EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS**

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seeking entry of  interim and final orders (a) authorizing the maintenance of the Debtors' existing Bank Accounts and continued use of existing Business Forms; (b) authorizing, but not directing, the use of the existing Cash Management System; (c) waiving certain investment and deposit requirements under the Guidelines; and (d) granting administrative expense status to postpetition intercompany claims; and upon the First Day Declaration; and the Court having entered an order granting the relief requested on an interim basis [ECF No. 47]; and upon the statements of counsel in support of the relief requested in the Motion at the hearings before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29,

---

[1]    The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2012; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to maintain and use their Cash Management System, as more fully set forth in the Motion.

3.      Notwithstanding any requirements to the contrary in the Guidelines or otherwise, the Debtors are authorized, but not directed, to maintain and use the existing Bank Accounts listed on **Exhibit A** to the Motion in the name and with the account numbers existing immediately prior to the Petition Date.

4.      The requirement in the Guidelines that the Debtors establish a specific new bank account for tax payments is waived.  The requirements provided in 11 U.S.C. § 345(b) are hereby waived as to the Bank Accounts.

5.      The Debtors are authorized, but not directed, to deposit funds in and withdraw funds from their Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers and other debits and to treat the Bank Accounts for all purposes as debtor in possession accounts.

6.    The Debtors are authorized to continue to use their checks, correspondence and other Business Forms including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor in possession status.

7.    The Banks listed on **Exhibit A** to the Motion and any and all other financial institutions receiving or transferring funds from the Debtors are hereby authorized, but not directed, to continue to service and administer the Bank Accounts of the relevant Debtor as a debtor in possession account without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or automated clearinghouse transfers drawn on the Bank Accounts by the holders or makers thereof, provided that nothing contained herein shall authorize any such Bank to honor any check issued or dated prior to the date of the commencement of these chapter 11 cases, except as otherwise provided by further order of this Court.  In no event shall any of the Banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds.

8.    The Debtors shall retain the authority to close or otherwise modify certain of their Bank Accounts and open new debtor in possession accounts, or otherwise make changes to their Cash Management System as they deem necessary to facilitate the chapter 11 cases and continued operations, or as may be necessary to comply with the requirements of any debtor in possession financing facility or cash collateral usage approved by this Court; *provided*, *however*, that the Debtors shall open any such new Bank Account at Banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such Banks that are willing to immediately execute such an agreement.  In the event that the

Debtors open any additional Bank Accounts or close any current or additional Bank Accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided seven (7) days prior to such opening or closing to the Office of the United States Trustee for the District of Delaware, counsel to any official committee of unsecured creditors appointed in the chapter 11 cases (subsequent to its appointment) and counsel to the agents under the Debtors' prepetition and postpetition financing arrangements.

9.      Subject to section 553 of the Bankruptcy Code, all Banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such Banks against the Debtors that arose before the Petition Date, absent further order of this Court.

10.     In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions (including Intercompany Transactions) may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

11.     Subject in all respects to paragraph 14 hereof, the Debtors are authorized, but not directed, to enter into Intercompany Transactions among themselves in the ordinary course.

12.     Postpetition Intercompany loans and other claims created through postpetition Intercompany Transactions are hereby granted administrative priority status pursuant to 11 U.S.C. § 503(b)(1); provided, however, that nothing herein shall limit or be construed to limit the Debtors' ability to reconcile amounts owed between and among any Debtors, including netting

and setting off obligations arising from Intercompany Transactions, whether arising prepetition or postpetition, in the ordinary course of business, between a Debtor and another Debtor.

13.     Notwithstanding anything contained herein, despite the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements; *provided*, *however*, that disbursements shall not include Intercompany Transactions between Debtor entities.

14.     Debtors will maintain detailed records of all Intercompany Transactions so that all such transactions shall be adequately and promptly documented in and readily ascertainable from the Debtors' books and records.   All intercompany claims shall be reconciled on a quarterly basis.

15.     The Debtors shall not make any transfers to any non-Debtor affiliates or non-Debtor subsidiaries, if any, absent further order of this Court, upon a motion on notice to parties in interest.

16.     The Debtors are authorized, but not directed, to pay or reimburse any Bank Fees, claims, costs, expenses or charges associated with the Bank Accounts and arising prior to and after the Petition Date, including, without limitation, (i) service charges or fees; (ii) checks deposited with the Banks which have been dishonored or returned for insufficient funds; and (iii) any reimbursement or other payment obligations, such as overdrafts, arising under the terms of any prepetition agreement existing between the Debtors and each Bank (collectively, the "**Bank Account Claims**").   In the course of maintaining any of the Bank Accounts for the Debtors, the Banks are authorized, without further Order of this Court, to continue to deduct from the

appropriate Bank Accounts, the Bank Account Claims incurred in connection with the Bank Accounts.

17.    This Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list attached as **Exhibit A** to the Motion.  Any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on **Exhibit A**) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order once served with a copy of this Order.

18.    The Debtors are authorized to request the Banks, and the Banks are authorized to accept and honor all representations from the Debtors, as to which checks, drafts, wires, or automated clearinghouse transfers should be honored or dishonored whether the Banks believe the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires, or automated clearinghouse transfers are dated or made prior to, on or subsequent to the Petition Date.

19.    Each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all

undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

20.    Any of the Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provide for herein.

21.    Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates or (iii) shall be construed as a promise to pay a claim.

22.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

24.    This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**Dated: December 3rd, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**