# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 80, 159** |

### ORDER (I) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN PHOENIX EXECUTIVE SERVICES, LLC TO PROVIDE THE DEBTORS WITH A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (II) DESIGNATING BRIAN GLEASON AS THE DEBTORS' CHIEF RESTRUCTURING OFFICER, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "**Motion**"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to retain Phoenix Executive Services, LLC ("**Phoenix**") (i) to provide the Debtors with a chief restructuring officer ("**CRO**") and additional personnel, as needed, and (ii) to designate Brian Gleason as the Debtors' CRO, *nunc pro tunc to* the Petition Date; and upon the *Declaration of Brian Gleason in Support of the Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Employ and Retain Phoenix Executive Services, LLC to Provide the Debtors with a Chief Restructuring Officer and Additional Personnel, and (II) Designating Brian Gleason as the Debtors' Chief Restructuring Officer,* Nunc Pro Tunc *to the Petition Date* (the "**Gleason Declaration**") attached as **Exhibit C** to and filed in support of the Motion; and upon the

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

ACTIVE 53179264v4

*Supplemental Declaration of Brian Gleason in Support of the Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Employ and Retain Phoenix Executive Services, LLC to Provide the Debtors with a Chief Restructuring Officer and Additional Personnel, and (II) Designating Brian Gleason as the Debtors' Chief Restructuring Officer,* Nunc Pro Tunc *to the Petition Date* [Docket No. 159] (the "**Supplemental Declaration**") filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Application, the First Day Declaration, the Gleason Declaration, and the Supplemental Declaration and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED as set forth herein.

    2.    In accordance with section 363 of the Bankruptcy Code, the Debtors are authorized to retain Phoenix and appoint Mr. Gleason as CRO *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Motion; *provided*, *however*, that the following provisions of the engagement letter and its attachments, attached as Exhibit A to the Motion, will not apply during these chapter 11 cases: the prospective conflicts waiver; the mandatory arbitration clause; any release or waiver of claims against Phoenix; and any limitation

of Phoenix's liability, and that Phoenix will not be entitled to reimbursement of attorneys' fees incurred in connection with the defense of such fees.

3. The fee structure and rates set forth in the Motion are approved.

4. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of these chapter 11 cases on a reasonableness standard and are not being preapproved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

5. The CRO will act under the direction, control, and guidance of the Board.

6. Phoenix and its affiliates will not act in any other capacity (for example, and without limitation, as an investment banker, claims agent/administrator, or investor/acquirer) in connection with these chapter 11 cases.

7. In the event the Debtors seek to have Phoenix personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) broadening the functions performed by the Phoenix Professionals beyond those performed as of the Petition Date, or (ii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

8. No principal, employee, or independent contractor of Phoenix and its affiliates shall serve as a director of any of the Debtors during the pendency of these chapter 11 cases.

9. The Debtors will indemnify Phoenix's principals, employees and agents, including, without limitation, Mr. Gleason and the Additional Personnel that provide services to the Debtors during these chapter 11 cases, to the same extent as the most favorable indemnification the Debtors extend to their officers and directors, other than for claims, damages, liabilities, and expenses that result from fraud, willful misconduct, or gross negligence.

In addition, the Debtors will add Mr. Gleason, in his capacity as CRO, to their existing director and officer liability insurance policy so that he shall be individually covered by the same liability insurance as is applicable to the other directors and officers of the Debtors.

10. Phoenix shall file with the Court, with copies to the U.S. Trustee and counsel to any official committee of unsecured creditors appointed in these chapter 11 cases (collectively, the "**Notice Parties**"), a report of staffing on the engagement for the previous month (the "**Staffing Report**"). Such report shall include the names and functions filled by the individuals assigned.

11. The Staffing Report shall also include reports of compensation earned and expenses incurred by Phoenix on a monthly basis. Such reports shall contain summary charts, which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the Staffing Report, (ii) contain detailed time entries describing the tasks performed on a daily basis and the corresponding charges (time multiplied by hourly rate), and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 0.10-hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a 'flat' rate, the time entries shall be kept in hourly increments. The Notice Parties shall have 14 days after the date each Staffing Report is served on the Notice Parties to object to such Staffing Report. In the event an objection is raised and not consensually resolved between the Debtors and the objecting party, all staffing and compensation shall be subject to review by the Court. Upon receipt of any objection, the Debtors shall deduct an amount equal to

the amount objected to from the next payment to Phoenix until such objection is resolved, either consensually or by Court order.

12. For a period of three years after the conclusion of Phoenix's engagement, neither Phoenix nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors, as applicable.

13. Phoenix shall disclose all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. This obligation is a continuing obligation.

14. To the extent this Order is inconsistent with any other documents related to Phoenix's engagement with respect to these chapter 11 cases, this Order shall govern.

15. The requirements of Bankruptcy Rules 6004(a) and (h) are hereby waived.

16. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 3rd, 2020
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

ACTIVE 53179264v4