**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Doc. Nos. 82, 170** |

**ORDER APPROVING APPLICATION OF THE DEBTORS FOR ENTRY OF
AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
DONLIN, RECANO & COMPANY, INC.AS ADMINISTRATIVE AGENT
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (this "**Order**") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules, approving the retention of Donlin, Recano & Company, Inc. ("**Donlin Recano**" or the "**Administrative Agent**")) as administrative agent in these chapter 11 cases, effective *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Engagement Agreement, all as more fully set forth in the Application; and upon the *Declaration of Nellwyn Voorhies in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of Donlin, Recano & Company, Inc. as Administrative Agent for the Debtors Effective* Nunc Pro Tunc *to Petition Date* attached as **Exhibit A** thereto (the "**Voorhies Declaration**") ; and upon the

---

[1]    The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

*Supplemental Declaration of Nellwyn Voorhies in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of Donlin, Recano & Company, Inc. as Administrative Agent for the Debtors Effective* Nunc Pro Tunc *to Petition Date* [Docket No. 170] (the "**Supplemental Declaration**"); the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court having found that the venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; the Court having considered the Application, the First Day Declaration, the Voorhies Declaration, and the Supplemental Declaration and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; upon all of the proceedings had before the Court; and, after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized to retain Donlin Recano as their Administrative Agent in accordance with the terms and conditions set forth in the Application and the Engagement Agreement, effective *nunc pro tunc* to the Petition Date.

3.      Donlin Recano shall apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred in these chapter 11 cases under the Application

after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and further orders of this Court.

4.      Donlin Recano shall comply with all relevant statutory provisions and rules of

procedure, including local rules of procedure, general orders, and applicable guidelines.

5.      The indemnification provisions of the Engagement Agreement are approved,

subject to the following modifications:

(a)     Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are
authorized to indemnify, and shall indemnify, Donlin Recano in accordance with
the Engagement Agreement and to the extent permitted by applicable law, for any
claim arising from, related to, or in connection with Donlin Recano's
performance of the services described in the Engagement Agreement;

(b)     Donlin Recano shall not be entitled to indemnification, contribution, or
reimbursement for services other than the services provided under the
Engagement Agreement, unless such services and the indemnification,
contribution, or reimbursement therefore are approved by the Court;

(c)     Notwithstanding anything to the contrary in the Engagement Agreement, the
Debtor shall have no obligation to indemnify any person, or provide contribution
or reimbursement to any person, for any claim or expense to the extent that it is
either (i) judicially determined (the determination having become final and no
longer subject to appeal) to have arisen from that person's gross negligence or
willful misconduct; (ii) for a contractual dispute in which the Debtor alleges the
breach of Donlin Recano's contractual obligations unless the Court determines
that indemnification, contribution, or reimbursement would be permissible

3

pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii)

settled prior to a judicial determination as to the exclusions set forth in clauses (i)

and (ii), but determined by this Court, after notice and a hearing, to be a claim or

expense for which that person should not receive indemnity, contribution or

reimbursement under the terms of the Engagement Agreement as modified by

this Order; and

(d)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in

these chapter 11 cases (that order having become a final order no longer subject

to appeal) and (ii) the entry of an order closing the Chapter 11 Case, Donlin

Recano believes that it is entitled to the payment of any amounts by the Debtor

on account of the Debtor's indemnification, contribution, or reimbursement

obligations under the Engagement Agreement, including without limitation the

advancement of defense costs, Donlin Recano must file an application before this

Court, and the Debtor may not pay any such amounts to Donlin Recano before

the entry of an order by this Court approving the payment. This subparagraph (d)

is intended only to specify the period of time under which the Court shall have

jurisdiction over any request for payment by Donlin Recano for indemnification,

contribution or reimbursement, and not a provision limiting the duration of the

Debtor's obligation to indemnify Donlin Recano. All parties in interest shall

retain the right to object to any demand by Donlin Recano for indemnification,

contribution, or reimbursement.

6.     The Debtors and Donlin Recano are authorized to take all actions necessary to

effectuate the relief granted in this Order in accordance with the Application.

4

7.        Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8.        Notwithstanding any language to the contrary in the Engagement Agreement, there shall be no limitations on liability herein.

9.        Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

10.        In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

**Dated: December 3rd, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**