## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 81, 154** |

## ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN FOCALPOINT SECURITIES, LLC AS INVESTMENT BANKER, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Application of Debtors to Employ and Retain FocalPoint Securities, LLC as Investment Banker, Effective* Nunc Pro Tunc *to the Petition Date* (the "**Application**"),[2] of the above-captioned debtors and debtors in possession (the "**Debtors**"); and upon the *Declaration of Richard F. NeJame in Support of the Application of Debtors to Employ and Retain FocalPoint Securities, LLC as Investment Banker, Effective* Nunc Pro Tunc *to the Petition Date* annexed thereto as **Exhibit B** (the "**NeJame Declaration**"); and upon the *Supplemental Declaration of Richard F. NeJame in Support of the Application of Debtors to Employ and Retain FocalPoint Securities, LLC as Investment Banker, Effective* Nunc Pro Tunc *to the Petition Date* (the "**Supplemental Declaration**") [Docket No. 154]; and the Court having reviewed the Application, the First Day Declaration, the NeJame Declaration, and the Supplemental Declaration and having considered the statements of counsel with respect to the Application at a hearing (if any) before

---

[1]  The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2]  Capitalized terms not otherwise defined herein have the meaning given to them in the Application.

this Court (the "**Hearing**"); the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having jurisdiction to enter a final order consistent with Article III of the United States Constitution; and venue of these cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, including but not limited to the Fee and Expense Structure set forth in the Engagement Agreement and summarized in the Application (as modified by this Order); and the Court having found that the terms and conditions of FocalPoint's employment, including the compensation structure set forth in the Engagement Agreement, are reasonable as required by section 328(a) of the Bankruptcy Code; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and this Court being satisfied based on the representations made in the Application and in the NeJame Declaration and the Supplemental Declaration that (a) FocalPoint does not hold or represent an interest adverse to the Debtors' estates and (b) FocalPoint is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and this Court having determined that there is good and sufficient cause for the relief set forth in this Order; and after due deliberation thereon,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized to retain and employ FocalPoint as the exclusive investment banker to the Debtors in these cases pursuant to sections 327 and 328(a) of the

2

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, effective *nunc pro tunc* to the Petition Date, to pay fees and reimburse expenses to FocalPoint on the terms and conditions set forth in the Application and the Engagement Agreement attached hereto as **Exhibit 1**, as modified by this Order.

3.      Except to the extent set forth herein, the Engagement Agreement (together with all annexes thereto), including without limitation the Fee and Expense Structure, are approved pursuant to Bankruptcy Code sections 327(a) and 328(a), and the Debtors are authorized to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Agreement, as modified by this Order.

4.      Notwithstanding anything to the contrary herein, the fees and expenses payable to FocalPoint pursuant to the Engagement Agreement are hereby approved pursuant to and shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in Bankruptcy Code section 330; provided, that notwithstanding the foregoing, this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to object and/or to challenge the reasonableness of FocalPoint's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code; provided, however, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated solely on an hourly or length-of-case based criteria. Accordingly, nothing in this Order

or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on

appeal or otherwise, with respect to the reasonableness of FocalPoint's compensation.

5.    None of the fees payable to FocalPoint shall constitute a "bonus" or fee

enhancement under applicable law.

6.    The Debtors are authorized to pay FocalPoint's fees and to reimburse FocalPoint

for its reasonable, documented, out-of-pocket costs and expenses as provided in the Engagement

Agreement, including but not limited to in-sourced document production costs, travel costs, meals,

and the reasonable, actual, documented, out-of-pocket costs, fees, disbursements and other charges

of FocalPoint's external legal counsel (without the need for such legal counsel to be retained as a

professional in these cases and without regard to whether such legal counsel's services satisfy

section 330(a)(3)(C) of the Bankruptcy Code). In the event that FocalPoint seeks reimbursement

from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement

Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be

included in FocalPoint's own applications, both interim and final, and these invoices and time

records shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to

sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been

retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys'

services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7.    FocalPoint shall file interim and final fee applications for the allowance of

compensation for services rendered and reimbursement of expenses incurred in accordance with

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any

applicable orders of the Court; provided, however, that the requirements of the Bankruptcy Code,

the Bankruptcy Rules, the U.S. Trustee Guidelines, and Local Rule 2016-2 and any other

4

procedures of this Court are hereby modified such that (a) FocalPoint's restructuring professionals and legal personnel shall be required only to keep time records (in summary format) of the services rendered for the Debtors or in connection with these cases, as applicable, including summary descriptions of those services, the approximate time expended in providing those services (in half-hour increments), and the identity of the restructuring or legal personnel who provided those services; (b) FocalPoint's restructuring professionals shall not be required to keep time records on a "project category" basis; (c) FocalPoint shall not be required to provide or conform to any schedule of hourly rates; and (d) FocalPoint's non-restructuring professionals (excluding legal personnel) and personnel in administrative departments shall not be required to maintain any time records. To the extent that FocalPoint would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, or other applicable procedures and orders of the Court, such requirements are hereby waived.

8.      The indemnification, contribution, and reimbursement provisions set forth in the Engagement Agreement (including the Indemnification Provisions) are approved, subject to the following:

   (a) Subject to the provisions of subparagraphs (b) and (c) below, FocalPoint shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   (b) The Debtors shall have no obligation to indemnify FocalPoint, or provide contribution or reimbursement to FocalPoint, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from FocalPoint's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of FocalPoint's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but

*ACTIVE 53964850v1*

determined by this Court, after notice and a hearing, to be a claim or expense for which FocalPoint should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these cases, FocalPoint believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, FocalPoint must file an application therefor in this Court, and the Debtors may not pay any such amounts to FocalPoint before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FocalPoint for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify FocalPoint. All parties in interest shall retain the right to object to any demand by FocalPoint for indemnification, contribution, or reimbursement.

9.      Notwithstanding anything to the contrary herein, any provision in the Engagement Agreement that serves to limit remedies or actions that would otherwise be available to the Debtors shall not apply or otherwise be enforceable during the pendency of these cases.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014.

11.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these cases to cases under chapter 7.

12.     Notwithstanding any provision in the Engagement Agreement to the contrary, for services rendered during these cases, the contribution obligations of FocalPoint shall not be limited to the aggregate amount of fees actually received by FocalPoint from the Debtors pursuant to the Engagement Agreement, this Order, or subsequent orders of this Court.

13.    Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Agreement, FocalPoint shall not seek reimbursement of any fees or expenses arising from the defense against any objections to any of FocalPoint's monthly fee statements or applications in these cases.

14.    In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

15.    The Debtors are not subject to any stay in the implementation, enforcements, or realization of the relief granted in this Order.

16.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

17.    Notwithstanding any provision in the Engagement Agreement to the contrary, this Court shall retain exclusive jurisdiction during the pendency of FocalPoint's engagement.

**Dated: December 3rd, 2020**
**Wilmington, Delaware**
*ACTIVE 53964850v1*

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**