# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 77** |

## ORDER AUTHORIZING THE RETENTION
## AND PAYMENT OF PROFESSIONALS UTILIZED
## BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seeking entry of an order authorizing the retention and payment of professionals utilized by the Debtors in the ordinary course of business; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"); and it appearing that this Court has jurisdiction to consider the motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion and the Hearing has been given and that no other or further notice is necessary; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and the Court having determined that the Ordinary Course Professionals are not "professionals"

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*ACTIVE 53992271v2*

within the meaning of section 327(a) of the Bankruptcy Code; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ Ordinary Course Professionals, effective as of the Petition Date.

3. Unless otherwise ordered by the Court, the Debtors are authorized to pay each Ordinary Course Professional, without further order of the court, 100% of the fees and disbursements actually incurred by the Ordinary Course Professional after the Petition Date; *provided, however*, that while these chapter 11 cases are pending, the fees for services provided by an Ordinary Course Professional payable by the Debtors, excluding costs and disbursements, may not exceed $20,000.00 per month or $250,00.00 in the aggregate per Ordinary Course Professional (the "**OCP Cap**").

4. Within 15 days after the later of (i) the entry of this Order or (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each law firm, accounting firm, consulting firm, or other party that is an Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (an "**OCP Declaration**"), substantially in the form attached to the Motion as **Exhibit B**, certifying that the firm and/or professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the firm and/or professional is to be employed.

5. If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration.

2

The Ordinary Course Professional may apply its retainer against any prepetition claims. Any sums remaining shall then be applied against postpetition fees subject to the OCP Cap.

6. The Debtors reserve the right to modify the OCP List as necessary to add or remove Ordinary Course Professionals from time to time, in their sole discretion. In the event an Ordinary Course Professional is added to the OCP List, the Debtors shall file an Additional OCP Notice and serve each Additional OCP Notice on the Interested Parties. Additionally, each additional Ordinary Course Professional listed in the Additional OCP Notice shall provide the Debtors' attorneys with an OCP Declaration within 14 days of the filing of the Additional OCP Notice.

7. Upon receipt of an OCP Declaration, the Debtors' attorneys shall file it with the Court and serve it upon the Interested Parties. The Interested Parties shall have 14 days following from the date of service to notify the Debtors, in writing, of any objection to the requested retention. If, after 14 days, no objection is served on the Debtors, then the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order.

8. No Ordinary Course Professional shall be paid any fees or expenses until its OCP Declaration has been filed with the Court and any objection served on the Debtors within 14 days thereafter is resolved, consensually or by order of the Court.

9. In the event fees for services to be performed by an Ordinary Course Professional, other than an attorney, will exceed the OCP Cap, prior to commencing any such services, the Ordinary Course Professional shall contact the Debtors to request approval to perform such services. If the Debtors approve the performance of such services, following performance, such Ordinary Course Professional shall file with the Court and serve on (a) counsel to the Debtors (i)

3

Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801 (Attn: Dennis A. Meloro, Esq.) and (ii) Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601 (Attn: Nancy A. Peterman, Esq.); (b) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Hanna M. McCollum, Esq.); (c) counsel to any creditors' committee appointed in these chapter 11 cases; and (d) counsel to the lenders under (i) the Debtors' prepetition debt facility and (ii) the Debtors' debtor in possession financing facility, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, Attn: Carey D. Schreiber, Esq. and Gregory M. Gartland, Esq. (collectively, the "**Interested Parties**") a notice of the fees in excess of the OCP Cap and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred (collectively, the "**Notice of Excess Fees**").  Service of the Notice of Excess Fees may be via hand delivery, overnight courier, e-mail, or first-class mail.  The Interested Parties and any other party in interest shall have 14 days from the date of service to object to the Notice of Excess Fees.  If, after 14 days, no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

10. Any Excess Fees sought by an Ordinary Course Professional that is an attorney will be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code and any applicable orders authorizing the payment of professionals retained in these Chapter 11 Cases.

11. Any Notice of Excess Fees and any Excess Fees sought by any Ordinary Course Professional are subject to the Bankruptcy Code and the Interim Compensation Order.

12. Beginning with the fiscal quarter ending September 30, 2020, within 30 days after the end of each fiscal quarter (each, a "**Quarter**") in which these chapter 11 cases are pending, the Debtors shall file with the Court, and serve on the Interested Parties, a statement with respect to the immediately preceding Quarter, that includes the following information with respect to each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the amount of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the reported Quarter, and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

13. The Debtors shall include amounts paid to Ordinary Course Professionals in the monthly operating reports that the Debtors are required to submit to the Court.

14. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: December 3rd, 2020**
**Wilmington, Delaware**
ACTIVE 53992271v2

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE