## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 75** |

### ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES
### FOR MONTHLY, INTERIM, AND FINAL COMPENSATION AND
### REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED
### IN THESE CHAPTER 11 CASES

Upon the motion (the "**Motion**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") pursuant to sections 105(a), 330, and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Bankruptcy Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an administrative order (a) establishing procedures for monthly compensation and reimbursement of expenses (collectively, the "**Compensation**") for professionals retained in these chapter 11 cases (the "**Professionals**"), and (b) providing any additional relief required in order to effectuate the foregoing; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and upon the First Day Declaration; and it appearing that this Court has

---

[1]  The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc.  The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

jurisdiction to consider the Motion  pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further notice

is necessary; and after due deliberation thereon; and good and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      For the reasons set forth on the record, the Motion is GRANTED.

2.      Except as may otherwise be provided in other orders of this Court authorizing the

retention of specific professionals, all Professionals in this case shall seek interim monthly

payment of Compensation in accordance with the following procedures (the "**Compensation**

**Procedures**"):

a.      On or after the first (1st) day of each calendar month, beginning with December of
2020, each of the Professionals seeking interim compensation may file with the
Court an application (the "**Monthly Fee Application**") pursuant to section 331 of
the Bankruptcy Code, for interim approval and allowance of compensation for
services rendered and reimbursement of expenses incurred during the
immediately preceding month (the "**Monthly Compensation Period**") and serve
a copy of such Monthly Fee Application on (i) the Debtors' proposed chief
restructuring officer, Phoenix Management Services, 535 Fifth Avenue Suite
1006    New    York,    NY    10017    (Attn:    Brian    Gleason
(bgleason@phoenixmanagement.com)); (ii) the Debtors' proposed counsel,
Greenberg Traurig, LLP at (a) The Nemours Building, 1007 North Orange Street,
Suite 1200, Wilmington, DE 19801 (Attn: Dennis Meloro (melorod@gtlaw.com))
and (b) 77 West Wacker Dr., Suite 3100 Chicago, Illinois 60601 (Attn: Nancy A.
Peterman (petermann@gtlaw.com), Eric J. Howe (howee@gtlaw.com), and
Nicholas E. Ballen (ballenn@gtlaw.com)); (iii) counsel for the prepetition lenders
and administrative and collateral agent and postpetition lenders and administrative
and collateral agent, Winston & Strawn LLP, 200 Park Avenue, New York, NY
10166, (Attn: Carey D. Schreiber (cschreiber@winston.com) and Gregory

2

Gartland (ggartland@winston.com)); (iv) the Office of the U.S. Trustee (Attn: Hannah McCollum, Esq. (hannah.mccollum@usdoj.gov)); and (v) counsel to any Official Committee of Unsecured Creditors, if any, appointed in these chapter 11 cases (subsequent to its appointment in these chapter 11 cases) (collectively, the "**Notice Parties**").   All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the Revised UST Guidelines.   Each Notice Party and any other party in interest will have fourteen (14) days after the filing and service of a Monthly Fee Application to object to such application (the "**Objection Deadline**").   Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certificate of partial objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "**Actual Payment**") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "**Maximum Payment**"), and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph (b) below.

b.      If any Notice Party or any other party in interest objects to a Professional's Monthly Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (the "**Objection**"), which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection within fourteen (14) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

c.      Each Professional shall submit the first Monthly Fee Application on or after December 1, 2020 and before December 15, 2020, and such Monthly Fee Application shall be for the period from the Petition Date through November 30, 2020.

d.      Beginning with the period ending February 28, 2021, if any, at three (3) month intervals or at such other intervals convenient to the Court (the "**Interim Fee Period**"), each Professional shall file with the Court and serve on the Notice Parties a request for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during the Interim Fee Period (an "**Interim Fee Application**"). The Interim Fee Application must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules of

*ACTIVE 53686858v4*

this Court and the Revised UST Guidelines. A notice of the hearing on the Interim Fee Applications shall be served by each Professional on all parties who have requested service pursuant to Bankruptcy Rule 2002. Each Professional must file and serve its Interim Fee Application within forty-five (45) days of the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Interim Fee Application shall cover the time between the Petition Date through and including February 28, 2021 and shall be filed on or before April 14, 2021. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

e.      The Debtors shall request a hearing on the pending Interim Fee Applications at least every six (6) months. The Debtors, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate. A notice of the hearing on the Interim Fee Applications shall be served by each Professional on all parties who have requested service pursuant to Bankruptcy Rule 2002.

f.      The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

g.      Neither (i) the payment of or the failure to pay in whole or in part monthly interim compensation and reimbursement of expenses nor, (ii) the filing of or failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

h.      At the close of the cases, on or before a date and time to be established by the Court, each Professional shall file with the Court and serve on the Notice Parties a request for approval and allowance, on a final basis, pursuant to section 331 of the Bankruptcy Code, of all fees and reimbursement of expenses sought in the Monthly Fee Applications and the Interim Fee Applications, including all amounts previously withheld (the "**Final Fee Application**"). Unless otherwise ordered by the Court, each Notice Party and any other party in interest will have twenty-one (21) days after filing and service of a Final Fee Application to object to such application (the "**Objection Deadline**"). Hearing on the Final Fee Applications shall be held at such time as the Court deems appropriate. A notice of the hearing on its Final Fee Application shall be served by each Professional on all parties who have requested service pursuant to Bankruptcy Rule 2002.

3.      All Professionals who are attorneys and file a Monthly Fee Application pursuant

to these Compensation Procedures shall make a reasonable effort to comply with the U.S.

Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines.

4.      The procedures in this Order shall be followed by all attorneys who:  (i) have been or are hereafter retained pursuant to section 327 or 1103 of the Bankruptcy Code, unless an ordinary course professional is required to file a fee application under such Court order or local rule; or (ii) have been authorized to receive compensation from the estates and who have been designated by order of the Court as being subject to these procedures.[3]

5.      The Debtors shall serve the Interim Fee Applications, the Final Fee Applications, and the notices of hearings thereon (the "**Hearing Notice**") on the Notice Parties and only the Hearing Notice on all other parties who have filed a request for service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  If any party that has received only a Hearing Notice requests a copy of any of the Final Fee Applications, Interim Fee Applications, or Monthly Fee Applications, the Debtors shall furnish that party with the requested copies at the Debtors' expense.

6.      The Debtors shall include all payments made to Professionals on the monthly operating report, detailed so as to state the amount paid to each of the Professionals.

7.      Nothing herein shall be construed as authority of the Debtors to use cash collateral, which authority shall, in all respects, be subject to paragraph 9 hereof.

8.      Subject to paragraph 9 below, any amounts authorized to be paid to a Professional pursuant to this Order or otherwise, shall be paid first by application against any retainer balance held by such Professional, and, once such retainer balance is exhausted, paid in arrears, each following submission of monthly, interim or final fee applications, as applicable, consistent with

---

[3]     *See* Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No. 116, June 17, 2013 at p. 36248.

5

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and other orders of this Court.

9.      Following submission of monthly, interim or final fee applications, as applicable, each Professional holding a retainer shall be entitled to apply all or a portion of the retainer to any fees and expenses incurred during the chapter 11 cases, once allowed by the Court pursuant to sections 327, 328, and 1103 of the Bankruptcy Code.

10.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: December 3rd, 2020**
**Wilmington, Delaware**

*ACTIVE 53686858v4*

6

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**