## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES, RESERVATIONS OF RIGHTS, AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Brian Gleason has signed each set of the Schedules and Statements.  Mr. Gleason serves as the Chief Restructuring Officer for each of the Debtors and is an authorized signatory for each of the Debtors with respect to the Schedules and Statements.  In reviewing and signing the Schedules and Statements, Mr. Gleason has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors and the Debtors' legal and financial advisors. Given the scale of the Debtors' business and the complexity of the Debtors' records, Mr. Gleason has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, without limitation, statements and representations concerning amounts owed to creditors, the classification of such amounts, and creditor addresses.

The Debtors' management team prepared the Schedules and Statements with the assistance of the Debtors' financial and legal advisors and other professionals.  The Schedules and Statements are unaudited and subject to potential amendment or supplementation.  In preparing the Schedules and Statements, the Debtors relied on financial data derived from the Debtors' books and records that was available at the time of preparation.  The Debtors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the

---

[1]  The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc.  The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

circumstances and based upon such information as was available at the time of preparation. Inadvertent errors or omissions may exist, and subsequent receipt or discovery of information or further review and analysis of the Debtors' books and records or other information may result in changes or updates to information contained in the Schedules and Statements. The Debtors reserve the right to update, amend, or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate. The Debtors, on behalf of themselves, their officers, employees, advisors, and other agents, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and otherwise reserve all rights with respect to the Schedules and Statements.

## Global Notes and Overview of Methodology

1. **Description of Cases.** On November 9, 2020 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 10, 2020, the Court entered the *Order Authorizing and Directing the Joint Administration of the Debtors' Chapter 11 Cases for Procedural Purposes Only* [Docket No. 37]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own set of Schedules and Statements. On November 18, 2020, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

2. **Global Notes Control.** These *Global Notes, Reservations of Rights, and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and referenced in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement, or a particular part or item therein, and not as to others, does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the remaining Schedules or Statements, or other parts or items therein, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment, as the case may be.

3. **Basis of Presentation.** The Schedules and Statements are unaudited and do not purport to be financial statements prepared in accordance with generally accepted accounting principles in the United States of America ("**GAAP**"), nor were they reconciled with the Debtors' financial statements. These Schedules and Statements represent a good faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and are subject to further review and potential adjustment.

The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity. Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

4.     **Reporting Date.**     Unless otherwise noted herein or in the Schedules and Statements, all asset values (other than for cash holdings and deposits) contained in the Schedules and Statements and herein are as of October 31, 2020. Values of cash holdings and deposits are as of the Petition Date. In addition, the values of most prepayments are as of October 31, 2020, but the values for professional retainers are as of the Petition Date. Furthermore, the values of the Debtors' liabilities are as of the Petition Date; however, certain liability values have been adjusted for authorized payments made under the First Day Orders (as defined below).

5.     **Reservation of Rights.**     The Debtors and their advisors who assisted in the preparation of the Schedules and Statements do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by errors or omissions, negligent or otherwise, in preparing, collecting, reporting, or communicating the information contained herein. The Debtors and their advisors do not have an obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party upon such revisions. In no event shall the Debtors or their advisors be liable to any third party for any direct, indirect, incidental, consequential, or other damages (including, but not limited to, damages arising from the disallowance of a potential claim against a Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their advisors are advised of the possibility of such damages. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

The failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve their rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to amend the Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, among other items reported in the Schedules and Statements. Nevertheless, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The listing of a claim on Schedule D as "secured," on Schedule E/F (Part 1) as "priority," on Schedule E/F (Part 2) as "nonpriority" or the listing of a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors as to the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or re-classify such claim or contract pursuant to an amendment to the Schedules, a

claim objection, or otherwise.  The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

The Debtors' accounting system was designed and maintained to manage the consolidated treasury and cash management systems of the Debtors, as well as report the Debtors' financial results on a consolidated basis.  Additionally, the Debtors' accounting and finance staff were trained to follow procedures consistent with these primary objectives.  Accordingly, neither the Debtors nor their advisors can ensure that transactions recorded in the Debtors' books and records with respect to one Debtor do not inadvertently reflect activity of another Debtor.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the foregoing general reservation of rights.

6.    **Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of October 31, 2020.  Cash is reported based on the balances of the Debtors' bank accounts as of the Petition Date.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  In some instances, the Debtors have used estimates where actual data was not available.  The Debtors have not hired a third party to value their assets for purposes of completing the Schedules and Statements.

7.    **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars.

8.    **Quantification of Claims.**  Amounts that were not readily quantifiable by the Debtors are reported as "undetermined," "unknown," or "N/A" and any such designation is not intended to reflect the magnitude or materiality of any claim.

9.    **Claims Paid Pursuant to Court Orders.**  Pursuant to several motions filed on the Petition Date (the "**First Day Motions**"), the Debtors sought authority to pay certain outstanding prepetition payables pursuant to court order.  The Bankruptcy Court entered certain orders authorizing the Debtors to pay certain of the outstanding prepetition payables it sought to pay under the First Day Motions (the "**First Day Orders**").  Consequently, certain prepetition fixed, liquidated, and undisputed unsecured claims, including, but not limited to, certain claims for employee wages that had accrued in the 180 days prior to the Petition Date, have been paid following the Petition Date.  Where and to the extent these claims have been satisfied or are anticipated to be satisfied, they may not be listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate.

10.     **Prepetition and Postpetition Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

11.     **Agreements with Members.**  The Debtor counterparty on all agreements with the Debtors' members and other customers, including membership agreements and other agreements for recurring services, such as personal training services, is YouFit Health Clubs, LLC.  All such agreements are property of YouFit Health Clubs, LLC and the payment obligations arising thereunder, which are primarily, but not exclusively, for monthly membership fees, are owed to YouFit Health Clubs, LLC.  The payments received from members and other customers under such agreements, the cash proceeds of other transactions with members or other customers, including, without limitation, point-of-service cash sales at the Debtors' clubs of saleable inventory owned by YouFit Health Clubs, LLC, and all other such revenues and proceeds are property of YouFit Health Clubs, LLC.

12.     **Club-Level Entities.**  The Debtors operate their clubs at leased locations and do not own any real property except for leasehold interests held by those of the Debtors that are the lessees under such leases.  Generally, each of the Debtors' clubs has a corresponding legal entity that serves as the lessee under the lease pertaining to the location of the club.  While such club-level Debtor entities are liable for rents and other obligations under the leases, the funds actually used by the Debtors to satisfy such obligations, along with any other monetary obligations incurred at the club level, are supplied by YouFit Health Clubs, LLC.  The club-level Debtor entities store and use certain business equipment, all of which is owned by YouFit Health Clubs, LLC, at the Debtors' clubs pursuant to intercompany equipment licensing agreements, and use the YouFit mark and other intellectual property, held by YouFit, LLC, pursuant to intercompany licensing agreements.

13.     **Intercompany Transactions.**  As is more fully set forth in the *Motion of the Debtors for Entry of Interim and Final Orders (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks, (B) Authorizing the Continued Use of Cash Management System, (C) Waiving Certain Investment and Deposit Guidelines, and (D) Granting Administrative Expense Status to Postpetition Intercompany Claims* [Docket No. 15] (the "**Cash Management Motion**"), in the ordinary course of business, the Debtors maintain business relationships among each other that give rise to certain intercompany transactions, including, for example, cash sweeps and intercompany loans that occur as part of the daily operation of the Debtors' cash management system, as well as payments on account of the obligations of YouFit Health Clubs, LLC to the club-level Debtor entities for rents and other such club-level obligations. Due to historical accounting practices whereby the Debtors, for accounting, reporting, and monitoring purposes only, accounted for revenues at the club level, the Debtors have been unable to ascertain the precise amount of intercompany receivables and payables as of the Petition Date.  The listing of any intercompany payables and receivables, even with undetermined amounts, on Schedules A/B or Schedules E/F, as the case may be, is not and should not be construed as an admission of the characterization of any balances between or among the

Debtors as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the amounts and characterization of any intercompany claims.

14.    **Setoffs.** The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights regarding such credits, allowances, or other adjustments.

15.    **Property and Equipment.**  Nothing in the Schedules or Statements, including, without limitation, the failure to list leased property or equipment as owned property or equipment or vice-versa, constitutes, or shall be construed as, an admission as to the determination of legal status of any lease, including whether any lease is a true lease or financing arrangement, and the Debtors reserve all their rights with respect to such issues.

16.    **Exclusions.**  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including employee benefit accruals, accrued accounts payable, and deferred gains.  The Debtors also have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims may exist.  In addition, certain immaterial assets and liabilities may have been excluded.

17.    **Causes of Action.**  The Debtors, despite their reasonable efforts, may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any causes of action they may have, whether arising before, on, or after the Petition Date, in contract or in tort, at law or in equity, or pursuant to any other theory of law, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

18.    **Insiders.**  For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with the provisions of section 101(31) of the Bankruptcy Code.  Persons listed as "insiders" have been included for informational purposes only, however, and the designation of such persons as "insiders" on the Schedules and Statements does not constitute, and should not be construed as, an admission that such persons constitute insiders within the meaning of section 101(31) of the Bankruptcy Code.  Moreover, these Global Notes and the Schedules and Statements do not take any position with respect to: (a) any person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such person; (c) the decision making or corporate authority of any such person; or (d) whether the Debtors or any person who may have had control over the Debtors could successfully argue that such person is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

19.    **Litigation.**  Certain litigation reflected as claims against one of the Debtors may relate to any of the other Debtors.  The Debtors have made reasonable efforts to accurately record such claims in the Schedules and Statements of the Debtors against whom such claims lie.

20.     **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantors, co-obligors, or other secondarily-liable parties under executory contracts, unexpired leases, secured financing agreements, and other such arrangements or agreements.  Where such guarantors or co-obligors have been identified, the Debtors have included them in the relevant Schedules D, E/F, G and/or H for the applicable Debtor.  The Debtors may have inadvertently omitted certain guarantees or other secondary liability embedded in their contractual agreements.

21.     **Totals.**  All totals that are included in the Schedules and Statements represent totals of known amounts only and do not include any undetermined amounts.  To the extent there are unknown or otherwise undetermined amounts, the actual total may be materially different than the listed total.  Due to unliquidated, contingent and/or disputed claims, summary statistics in the Schedules and Statements may significantly understate the Debtors' liabilities.

22.     **Intellectual Property Rights.**  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

23.     **Confidentiality.**  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to omit from the public record information such as individuals' names and addresses.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality and protection of sensitive commercial information, and concerns for the privacy of individuals.  In particular, addresses of members and other customers of the Debtors are generally not included in the Schedules and Statements.

24.     **Accuracy.**  The financial information disclosed herein was not prepared in accordance with GAAP, federal or state securities laws, or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtors should evaluate this financial information in light of the purposes for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws.

<u>**Specific Notes to the Schedules of Assets and Liabilities**</u>

**Classifications of Claims**

Listing a claim on Schedule D as "secured," or on Schedule E/F as "priority" or "nonpriority," or a contract or lease on Schedule G as "executory" or "unexpired," does not, in each case, constitute an admission by the Debtors of the legal rights of the claimant or the legal status of such claim or contract, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Summary of Assets and Liabilities**

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements in accordance with GAAP.  The Schedules reflect the assets and liabilities of each

Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise, which may reflect consolidation, elimination and step-up in basis adjustments to the financial statements.

**Schedule A/B**

As noted above, despite commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Part 1, Item 3**

As is more fully set forth in the Cash Management Motion, the Debtors maintain approximately thirteen (13) bank accounts and utilize a cash management system in the ordinary course of business to efficiently collect, concentrate, and disburse funds generated by their operations. The account holder for six (6) of the Debtors' bank accounts is YouFit Health Clubs, LLC, while other Debtor entities are the account holders for the remaining seven (7) bank accounts. The Debtors have listed each bank account on the Schedules of the Debtor who is the named account holder on such bank account. However, for the reasons set forth in Global Notes 11 and 12 above and the Specific Note on Schedule A/B, Part 5, Item 21 below, all cash deposited and/or held in the bank accounts, regardless of the name on the account, is property of YouFit Health Clubs, LLC.

**Part 2, Items 7 & 8**

The Debtors' characterization of an asset listed in Part 2, Items 7 and 8 is not a legal characterization of either a deposit or a prepayment. The Debtors reserve their rights to re-categorize or recharacterize such assets at a later time as appropriate. All prepayments are as of October 31, 2020, except for professional retainer payments which are as of the Petition Date.

**Part 5, Item 21**

YouFit Health Clubs, LLC owns certain finished goods inventory, including, without limitation, certain branded and other promotional items, such as t-shirts, towels, water bottles, and other similar products, which inventory is stored and sold at the Debtors' clubs in the ordinary course of business. All such inventory has been scheduled on Schedule A/B for YouFit Health Clubs, LLC, regardless of the location where such inventory was located as of the Petition Date.

**Part 5, Items 39 to 40, 50**

YouFit Health Clubs, LLC owns certain business equipment, including gym equipment and office equipment, as well as all fixtures, including certain gym equipment, which is stored and used at the Debtors' clubs in the ordinary course of business pursuant to intercompany licensing agreements. All such equipment and fixtures have been scheduled on Schedule A/B for YouFit Health Clubs, LLC, regardless of the locations where such equipment and fixtures were being stored and used as of the Petition Date.

### Part 9, Item 55

The Debtors account for leasehold improvements at the club-level as the club-level Debtor entities are the lessees under the leases for the locations where the Debtors operate their clubs. Leasehold improvements have therefore been scheduled on Schedules A/B for the various club-level entities.

## Schedule E/F

### Priority/Nonpriority Status

The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code or that the amount of the claim is accurate. The Debtors reserve their right to dispute the priority status of any claim on any basis.

### Potential Customer Claims

As of the Petition Date, the Debtors had more than 340,000 current members and over 100,000 former members (i.e., those who cancelled their memberships within one year of the Petition Date) (collectively, the "**Customers**"). To schedule such potential liabilities on an individual basis, to the extent possible, would not only be speculative, cost prohibitive, and unduly burdensome, but would also likely cause the Schedules to be dauntingly voluminous. Therefore, while the Debtors cannot reasonably estimate the value of Customer claims, the Debtors have made a good-faith effort to list an aggregate Customer liability based solely on the Debtors' books and records. Due to the COVID-19 pandemic and related gym closures, the Debtors have and may continue to receive membership cancellation and refund requests. As the Debtors cannot know or estimate how many additional membership cancellation and refund requests may be made, the estimate of Customer claims as of the Petition Date may not reflect actual Customer liabilities. Consequently, the estimated aggregate Customer liability included in the Schedules is highly speculative and the facts surrounding any Customer claims will expectantly be Customer-specific. Furthermore, amounts included in the estimated claim amount include amounts that may be satisfied in the ordinary course of business. Accordingly, the Debtors believe the estimate Customer claims amount likely overstates any actual claims, which amounts cannot be determined with reasonable certainty at this time.

### Claims of Counterparties to Executory Contracts and Unexpired Leases

Schedule E/F reflects the prepetition amounts owing as of the Petition Date to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Part 1, Item 2**

In the ordinary course of business, the Debtors incur certain personal property and sales tax obligations in the various jurisdictions in which the Debtors operate.  Such personal property tax obligations are assessed based on the equipment and other personal property stored at the locations of the Debtors' clubs.  Sales tax obligations are based on taxable revenue earned by YouFit Health Clubs, LLC.  As set forth above in Global Notes 11 and 12 and the Specific Note on Schedule A/B, Part 5, Item 21, YouFit Health Clubs, LLC owns all the equipment and other personal property and all revenues generated by sales or otherwise; accordingly, all personal property and sales tax obligations have been scheduled on Schedule E/F for YouFit Health Clubs, LLC, regardless of which of the Debtors' names may appear on the tax bills or statements.

**Schedule G**

Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G.  Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any contract, agreement or lease set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, or other documents, instruments, or agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space, early termination rights, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.

For unexpired leases, the amounts listed do not reflect the total liability amount that would be required to be recorded under ASC 842, which would require the total of all past and future lease payments to be reflected on the books and records.  Only past due lease payments have been listed in the Schedules.

Any and all rights, claims, and causes of action of the Debtors with respect to the agreements listed on Schedule G are hereby reserved and preserved.

## Specific Notes to the Statements of Financial Affairs

**Part 1, Item 1**

As set forth above in Global Notes 11 and 12 and the Specific Note on Schedule A/B, Part 5, Item 21, YouFit Health Clubs, LLC owns all of the assets that produce revenue from the

business of the Debtors; therefore, the Debtors have listed all gross revenue from the business of the Debtors on the Statement for YouFit Health Clubs, LLC.

### Part 2, Items 3 and 4

As is more fully set forth in the Cash Management Motion, the Debtors satisfy payables through five (5) bank accounts maintained for the purpose of making disbursements. While YouFit Health Clubs, LLC owns the funds that are the ultimate source of payments made through such disbursement accounts, YouFit Health Clubs, LLC is the named account holder on only one (1) such account. Therefore, while any transfers of funds are technically transfers of property of YouFit Health Clubs, LLC, such transfers are listed only on the Statement of the Debtor entity who is the named account holder of the disbursement account from which the transfer was made. Further, all payments to insiders, including payments to insiders made within ninety (90) days of the Petition Date, have been listed under Item 4.

### Part 13, Item 26.b

Historically, the Debtors have conducted an annual certified financial audit of their consolidated financials. In the course of such audits of the Debtors' consolidated financials, certain testing may have been performed with respect to certain individual Debtor entities; however, no individual certified financial audits were ever produced as to any individual Debtor entities.

### Part 13, Item 26.d

As noted herein, the Debtors ordinarily prepare consolidated financial statements in accordance with GAAP for financial reporting purposes. The Debtors issue their consolidated financial statements in the ordinary course of business. It would be a timely and burdensome task for the Debtors to go through their records to identify all financial institutions, creditors, and other parties to whom the Debtors have issued a financial statement within the two (2) years prior to the Petition Date; accordingly, the Debtors have not identified such recipients.

**Fill in this information to identify the case:**

**Debtor name:** YF Duluth, LLC

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 20-12919

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---------|--------|

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue (Check all that apply) | Gross revenue (before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |
| From the beginning of the fiscal year to filing date: | From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |
| From the beginning of the fiscal year to filing date: | From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to _____ | _____ | $_____ |
| | From _____ to _____ | _____ | $_____ |
| | From _____ to _____ | _____ | $_____ |

Debtor    **YF Duluth, LLC**                                                    Case number *(if known)* **20-12919**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 04/01/2022 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. _____<br>_____<br>_____ | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 04/01/2022 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. _____<br>_____<br>_____ | _____ | $_____ | _____ |

| Relationship to debtor |
|---|
| _____ |

**5.  Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. _____<br>_____<br>_____ | _____ | _____ | $_____ |

Debtor    **YF Duluth, LLC**                                        Case number *(if known)* **20-12919**

---

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. _____<br>_____<br>_____<br>_____ | _____<br><br>Last 4 digits of account number: XXXX–_____ | _____ | $_____ |

Debtor    **YF Duluth, LLC**    Case number *(if known)* **20-12919**

---

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|-----------|----------------|-----------------------------------|----------------|
| 7.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | | _____ | ☐ On appeal |
| | _____ | | _____ | ☐ Concluded |

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the property | Value |
|---|------------------------------|----------------------------|-------|
| 8.1. | _____ | _____ | $_____ |
| | _____ | **Case title** | **Court name and address** |
| | _____ | | _____ |
| | | **Case number** | _____ |
| | | _____ | _____ |
| | | **Date of order or assignment** | |
| | | _____ | |

Debtor    **YF Duluth, LLC**                                                                    Case number *(if known)* **20-12919**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ | _____ | _____ | $ _____ |
| _____ | | | |
| _____ | | | |
| _____ | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

Debtor     **YF Duluth, LLC**                                                          Case number *(if known)* **20-12919**

| **Part 5:** | Certain Losses |

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1. _____ | $_____ | _____ | $_____ |

Debtor    **YF Duluth, LLC**                                                Case number *(if known)* **20-12919**

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1. | _____ | _____ | _____ | $_____ |
| | **Trustee** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

Debtor    **YF Duluth, LLC**                                         Case number *(if known)* **20-12919**

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | | | |
| _____ | | | |
| _____ | | | |
| _____ | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

Debtor    **YF Duluth, LLC**                                                                    Case number *(if known)* **20-12919**

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|
| 14.1. _____ | From _____ To _____ |

Debtor    **YF Duluth, LLC**                                                        Case number *(if known)* **20-12919**

| Part 8: | Healthcare Bankruptcies |
|---------|------------------------|

**15. Healthcare bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---------------------------|----------------------------------------------------------------------------------|--------------------------------------------------------------------------|

15.1.

| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider | How are records kept? |
|---|---|---|
| | | Check all that apply: |
| | | ☐ Electronically |
| | | ☐ Paper |

Debtor    **YF Duluth, LLC**                                     Case number *(if known)* **20-12919**

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No

☐ Yes. State the nature of the information collected and retained. _____

      Does the debtor have a privacy policy about that information?

      ☐ No

      ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ None. Go to Part 10.

☐ Yes. Fill in the information below.

17.1. Does the debtor serve as plan administrator?

      ☐ No

      ☐ Yes. Fill in below.

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: __ __-__ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ No

Debtor    **YF Duluth, LLC**                                                    Case number *(if known)* **20-12919**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ _____ _____ | XXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $_____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1. | _____ _____ _____ | _____ _____ _____ | _____ | ☐ No<br>☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1. | _____ _____ _____ | _____ _____ _____ | _____ | ☐ No<br>☐ Yes |

Debtor    **YF Duluth, LLC**                                                                 Case number *(if known)* **20-12919**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|----------|-------------------------------------------------------------------|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|--------------------------|--------------------------|-----------------------------|-------|
| 21.1. _____ | _____ | _____ | $_____ |

Debtor    **YF Duluth, LLC**                                    Case number *(if known)* **20-12919**

---

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1. | _____ | _____ | _____ | ☐ Pending |
| | Case number | _____ | | ☐ On appeal |
| | _____ | _____ | | ☐ Concluded |

---

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | |
| | _____ | _____ | | |

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | |
| | _____ | _____ | | |

---

Debtor    **YF Duluth, LLC**                                                        Case number *(if known)* **20-12919**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
| --- | --- |

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| --- | --- | --- | --- |
| 25.1. | _____<br>_____<br>_____<br>_____ | _____ | EIN: __ __-__ __ __ __ __ __ |
| | | | **Dates business existed** |
| | | | From _____ To _____ |

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
| --- | --- | --- |
| 26a.1. | BEATRIZ BERMUDEZ<br>1350 E NEWPORT CENTER DR<br>SUITE 110<br>DEERFIELD BEACH FL 33442 | From 09/2017 To Present |

| | Name and address | Dates of service |
| --- | --- | --- |
| 26a.2. | DAVID MAYER<br>1350 E. NEWPORT CENTER DR<br>SUITE 110<br>DEERFIELD BEACH FL 33442 | From 02/2016 To Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| | Name and address | Dates of service |
| --- | --- | --- |
| 26b.1. | _____<br>_____<br>_____ | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are unavailable, explain why |
| --- | --- | --- |
| 26c.1. | BEATRIZ BERMUDEZ<br>1350 E NEWPORT CENTER DR<br>SUITE 110<br>DEERFIELD BEACH FL 33442 | _____ |

Debtor    **YF Duluth, LLC**                                                                          Case number *(if known)* **20-12919**

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.    DAVID MAYER<br>1350 E NEWPORT CENTER DR<br>SUITE 110<br>DEERFIELD BEACH FL 33442 | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    SEE, GLOBAL NOTES |

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1.    _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| _____<br>_____<br>_____<br>_____ |

### 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1.    YF GROUP A, LLC<br>1350 E. NEWPORT CENTER DR<br>SUITE 110<br>DEERFIELD BEACH FL 33442 | MANAGING MEMBER | MEMBERSHIP INTEREST | 100.00% |

### 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☑ No

☐ Yes. Identify below.

Debtor    **YF Duluth, LLC**                                              Case number *(if known)* **20-12919**

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.1. _____ _____ _____ | _____ | _____ | From _____ To _____ |

---

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below

| Name and address of recipient | Amount of money or value of property | Description of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. _____ _____ _____ _____ | $_____ | _____ | _____ | _____ |
| **Relationship to debtor** _____ | | | | |

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1. _____ _____ _____ | EIN: __ __-__ __ __ __ __ __ __ |

---

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1. _____ _____ _____ | EIN: __ __-__ __ __ __ __ __ __ |

---

Debtor    **YF Duluth, LLC**                                                                 Case number *(if known)* **20-12919**

| Part 14: | Signature and Declaration |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     12/7/2020
                 MM/DD/YYYY

×     */s/ Brian Gleason*
      Signature of individual signing on behalf of debtor

      Brian Gleason
      Printed name

      Chief Restructuring Officer
      Position or relationship to debtor

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑ No
☐ Yes