UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                                          CASE NO. 20-12841 (MFW)

YOUFIT HEALTH CLUBS, LLC, et al,                Chapter 11
                                                                    Jointly Administered
　　DEBTORS.

                                                                    Hearing: December 23, 2020 at 10:30a.m. (ET)

**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO DEBTORS' MOTION FOR ENTRY OF ORDERS (I)(A) ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALE OF THE DEBTORS' ASSETS, (B) APPROVING THE DEBTORS' ENTRY INTO THE STALKING HORSE PURCHASE AGREEMENT, (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) APPROVING FORM AND MANNER OF NOTICES RELATING THERETO, AND (E) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE; (II)(A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE COURT:

　　NOW COME  Dallas County, Harris County, Lewisville ISD and Tarrant County (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order authorizing Debtors to sell substantially all of the Debtors' assets and for other related relief (Docket no. 17, hereinafter the "Sale Motion").   In support of their Objection, the Tax Authorities would show the Court the following:

1

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State.   The Tax Authorities have filed secured claims totaling approximately $49,0001 for ad valorem taxes owed on the Debtors' personal property for the 2020 tax year.

II.

The claims of the Tax Authorities are secured with unavoidable liens on the Debtors' personal property that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law. 11 U.S.C. § 506; Butner v. U.S., 440 U.S. 48, 55 (1979).   The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.   See Texas Property tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).   The tax lien arises on January 1 of each tax year and "floats" to after acquired property.   See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

---

1 In the event the sale does not close before January 1, 2021, additional taxes for the 2021 tax year will be incurred as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(B), for which a request for payment need not be filed in order for it to be deemed allowed and paid.   11 U.S.C. § 503(b)(1)(D).

2

III.

In the Sale Motion, the Debtors ask the Court to authorize the sale of substantially all assets of the estate, including property which constitute the Tax Authorities' collateral.    The Sale Motion requests that sale of the Tax Authorities' collateral "free and clear of Interests." (Sale Motion page 46).    The Sale Motion fails to set forth how the Tax Authorities' will be adequately protected upon the sale of their property as required by 11 U.S.C. § 363(e).    Paragraph 48 of the Sale Motion state that "Debtors anticipate that they will be able to satisfy one or more of the conditions set forth in section 363(f) of the Bankruptcy Code." (Sale Motion page 38).    However, the only "satisfaction" they list is the ability of lienholders to object to the sale.    The proposed sale is pursuant to a credit bid, so there will be no sale proceeds to which the tax liens may attach.

In reviewing the Asset Purchase Agreement, section 2.4(c) specifically provides that Personal Property Taxes are Excluded Liabilities.    Further section 2.11 states that personal property taxes will be pro-rated as between the purchaser and the Debtors.    Per Texas law, the taxes were 100% incurred on January 1, 2020.    With a December closing, it is clear the Debtors are responsible for paying all of the taxes, yet there is no showing they have sufficient cash on hand to do so or intend to do so prior to the closing of the sale.    The definition of "Permitted Liens" only includes taxes not yet delinquent so long as they are on the Section 2.1 Disclosure Schedule, which counsel for the Tax Authorities has not been provided.    Section 5.4(q) provides that Sellers shall not fail to pay any material Tax on or before the date when it becomes due.    The 2020 ad valorem taxes were due when billed in October and November, 2020, so the Debtors have not complied with this provision.

Unless the Debtors pay the taxes prior to the closing of the sale, the property should be sold subject to the tax liens or there should be a cash component to the credit bid sufficient to fund a

3

segregated tax account in an amount sufficient to pay the tax claims.   Pursuant to 11 U.S.C. §

363(c) (4), absent consent by these claimants or an order of the Court permitting use of their cash

collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.

Absent such relief, the claims and liens of the Tax Authorities will not be adequately protected.


IV.

    WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Sale Motion and request

this Court to order appropriate provisions to assure the protection of the position of these secured

tax creditors, and further request other and such relief as is just and proper.

Dated: December 15, 2020


                                   Respectfully submitted,
                                   LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

                                   BY:    /s/ Elizabeth Weller
                                          Elizabeth Weller
                                          Tex. Bar No. 00785514

                                   2777 N. Stemmons Fwy., Ste. 1000
                                   Dallas, TX 75207
                                    (469)221-5075 phone
                                   (469)221-5003 fax
                                   BethW@publicans.com email
                                   Counsel for the Local Texas Tax Authorities

4

5

## CERTIFICATE OF SERVICE

I hereby certify that this 15th day of December, 2020, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth below via electronic mail as indicated.

/s/ Elizabeth Weller
Elizabeth Weller

Greenberg Traurig, LLP
Dennis Meloro at melorod@gtlaw.com
Nancy Peterman at petermann@gtlaw.com

Winston & Strawn LLP
Gregory Gartland at ggartland@winston.com
Carey Schreiber at cschreiber@winston.com

Young Conaway Stargatt & Taylor, LLP
Joseph Barry at jbarry@ycst.com
Joseph Mulvihill at jmulvihill@ycst.com

Holland & Knight, LLP
Joshua Spencer at joshua.spencer@hklaw.com
Phillip Nelson at Phillip.nelson@hklawlcom
Anastasia Sotiropoulos at Anastasia.sotiropoulos@hklaw.com

Office of the U.S. Trustee
Hannah McCollum at Hannah.mccollum@usdoj.gov