# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF BRIAN GLEASON IN SUPPORT OF SALE MOTION

**I, BRIAN GLEASON**, hereby declare, under penalty of perjury, as follows:

1. I am the Chief Restructuring Officer ("**CRO**") of YouFit Health Clubs, LLC (together with the above-captioned debtors and debtors in possession, the "**Debtors**"). I began serving as the CRO of YouFit on May 6, 2020. I submit this declaration (the "**Declaration**") in support of the *Debtors' Motion For Entry of Orders (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Assets, (B) Approving the Debtors' Entry into the Stalking Horse Purchase Agreement; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving Form and Manner of Notice Relating Thereto, and (E) Scheduling a Hearing to Consider the Proposed Sale; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 17]

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

(the "**Motion**") and the *Debtors' Omnibus Reply in Support of Sale Motion* (the "**Reply**")[2] filed concurrently herewith.

2. I previously executed that certain *Declaration of Brian Gleason in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 11], which I incorporate by reference as if fully set forth herein.

3. Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge of the Debtors' operations and financing, information learned from my review of relevant documents, information supplied to me by other members of the Debtors' management and the Debtors' advisors, or are my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and financial condition. I am authorized to submit this Declaration on behalf of the Debtors, and, if called upon to testify, I could and would testify competently to the facts set forth herein.

**Sale Transaction**

4. Before and after the Petition Date, the Debtors conducted a comprehensive marketing process. As part of the postpetition process, the Debtors received a limited number of informal proposals from interested bidders. These interested bidders conducted due diligence that included multiple discussions with the Debtors' investment banker, myself, and with the Debtors' lenders. The Debtors and their advisors consulted with the Committee and, as appropriate, with the Debtors' lenders, regarding these potential bids. Ultimately, however, none of these parties submitted Qualified Bids (or even full bid packages). Thus, the Debtors, after consultation with the Committee and its professionals, determined in their business judgment that the stalking horse bid submitted by the Buyer is the only Qualified Bid. I believe the Debtors followed the Bid

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning given to them in the Reply.

Procedures under the oversight of their professionals and independent manager and did so without any influence or interference from the Buyer that in any way limited the Debtors' efforts to improve on the Buyer's stalking horse bid.

5.   I believe that the sale process confirmed that the stalking horse bid submitted by the Buyer is the highest and best offer for the Debtors' assets (and, indeed, the only offer aside from two indications of interest).  Moreover, without approval of the Sale Transaction I do not believe the Debtors would have sufficient access to liquidity, which could force the liquidation of the business.  Thus, if approved and consummated, the sale will result in the continuation of the Debtors' business as a going-concern, the preservation of jobs for many of the Debtors' employees, the preservation of many of the Debtors' vendor and trade relationships, the assumption and assignment of numerous leases and executory contracts, and an ongoing business that will continue to service the Debtors' members.  Accordingly, it is my opinion that the proposed Sale Transaction to the Buyer is the highest and best offer for the Debtors' assets, provides substantial value to the Debtors' estates, reflects the Debtors' sound business judgment, is in the best interests of all stakeholders, and should be approved.

**Blank Objection**

6.   I understand that Jason Blank filed a *Preliminary Objection of Jason Blank, Individually and on Behalf of Similarly Situated Class Members, to the Sale Motion* [Docket No. 513].

7.   The Debtors' records reflect that Mr. Blanks' membership with the Debtors was canceled as of May 29, 2020.

8.   Attached hereto as **Exhibit A** and **Exhibit B** are standard form membership agreements of the Debtors.

9. I believe it is a standard and normal industry practice for member-based businesses, such as gyms, to sell rights relating to their members, including member lists and the right to charge monthly dues. Indeed, it is a common practice of the Debtors. Prior to the Petition Date, it was not uncommon for the Debtors to acquire existing gym locations from third parties, which included rights relating to the members, including member lists and the right to charge monthly dues. Likewise, it was not uncommon for the Debtors to close certain of their locations. When doing so, the Debtors often sold rights relating to their members, including member lists and the right to charge monthly dues, to local gyms in the area.

**Berks/Stross Objection**

10. I understand that Rick Berks, Christy Berks-Stross, and Jason Stross filed a *Limited Objection of Rick Berks, Christy Berks-Stross, and Jason Stross to Proposed Sale of Substantially All of the Debtors' Assets and Proposed Assumption and Assignment of Executory Contracts* [Docket No. 515].

11. Attached hereto as **Exhibit C** is a true and correct copy of the UPA, without exhibits or schedules.

12. Attached as **Exhibit D** is a true and correct copy of the Severance Agreement.

13. Attached as **Exhibit E** are true and correct copies of the Grant Agreements

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  December 18, 2020                    */s/ Brian Gleason*
                                                                  Brian Gleason
                                                                  Chief Restructuring Officer