## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YOUFIT HEALTH CLUBS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12841 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 535** |

### BUYER'S MOTION FOR ENTRY OF AN ORDER
### AUTHORIZING BUYER TO FILE UNDER SEAL AND REDACT AN
### EXHIBIT TO THE DECLARATION OF KAM MIRAMADI OF MACKINAC
### PARTNERS REGARDING ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

BGC Lender Rep, LLC, on behalf of the Prepetition Secured Parties and DIP Lenders (as defined in the Final DIP Order) ("BGC") and YF FC Acquisition LLC (the "Buyer") hereby submits this motion (the "Motion to Seal") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Buyer to file under seal and redact Exhibit A to the *Declaration of Kam Miramadi of Mackinac Partners Regarding Adequate Assurance of Future Performance in Support of the Sale of Substantially All of the Debtors' Assets* (the "Declaration").[2]  In support of this Motion to Seal, the Buyer respectfully states as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc.  The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.
[2] Capitalized terms not defined herein shall have the meanings ascribed in the Declaration.

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Buyer consents to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory and legal predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

**BACKGROUND**

4.    On November 9, 2020 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

5.    On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Assets, (B) Approving the Debtors' Entry into the Stalking Horse Purchase Agreement, (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving Form and Manner of Notices Relating Thereto, and (E) Scheduling a Hearing to Consider the Proposed Sale; (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 17] (the "Sale Motion").

2

6.  On November 23, 2020, the Court entered the *Order Establishing Bidding Procedures and Granting Related Relief* [Docket No. 136] (the "<u>Bidding Procedures Order</u>"), *inter alia*, approving the Debtors' selection of the Buyer as the Stalking Horse Bidder.

7.  On December 4, 2020, in accordance with the Bidding Procedures Order, the Debtors timely provided the Buyer's adequate protection package confidentially to parties requesting it, including the Committee.  The package contained (i) the name of the Buyer, (ii) a proposed corporate structure chart, (iii) a commitment to provide the Working Capital Facility to fund operations, and (iv) a closing date balance sheet and analysis of the Buyer's liquidity position and the working capital facility through December 2021.

8.  Various parties, including certain landlords (collectively, the "<u>Objecting Parties</u>") filed objections to the Sale Motion, citing cure and adequate assurance of future performance concerns.

9.  On December 18, 2020, the Debtors filed their reply in support of the Sale Motion [Docket No. 527], and the Buyer filed its reply in support of the Sale Motion [Docket No. 528].

<u>**RELIEF REQUESTED**</u>

10. By this Motion to Seal, the Buyer seeks entry of an order, substantially in the form attached hereto as the Proposed Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (i) authorizing the Buyer to file under seal and redact Exhibit A to the Declaration containing the confidential Working Capital Facility and commitment letter and financial projections, and (ii) granting such relief as requested herein or as the Court otherwise deems necessary or appropriate.

## BASIS FOR RELIEF REQUESTED

11. The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm.

12. Section 107(b) of the Bankruptcy Code mandates that the Court protect confidential information upon request of a party in interest.  11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . contained in a paper . . . ." (emphasis added)); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("[I]f the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application."  (citation omitted)).

13. To ensure that confidential information is protected as required under section 107(b), Bankruptcy Rule 9018 establishes the procedures to invoke section 107 of the Bankruptcy Code and allows the Court to "make any order which justice requires."  Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

14. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g., Orion Pictures*, 21 F.3d at 28 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id*. at 27.  Moreover, the resulting

order should be broad (*i.e.*, "any order which justice requires"). *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Glob. Crossing*, 295 B.R. at 724.

15. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

16. Filing Exhibit A to the Declaration under seal is important to preserve the confidentiality of the Buyer's commercial and financial information. Exhibit A contains commercially sensitive information regarding, among other things, the Buyer, its capital structure, the Working Capital Facility, and its financial projections. The sensitive financial information contained in Exhibit A is not publicly available, and the disclosure of such commercial information would provide an unfair advantage to the Buyer's competitors, among other business and privacy concerns. If such information were to be made public via PACER, confidential information will be disclosed to the detriment of the Buyer and other parties in interest. Accordingly, the Buyer

believes that the sealed information contained in the Declaration constitutes "commercial information" and should be subject to the protections of section 107(b) of the Bankruptcy Code.

17. Such information was previously already provided confidentially to parties that requested it, including the Committee, as provided for in the Bidding Procedures Order. The Buyer will share unredacted versions of the Declaration with the Debtors, the Court, the United States Trustee, counsel for the Official Committee of Unsecured Creditors, and certain other parties in interest under a mutually agreed upon non-disclosure agreement.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

18. To the best of the knowledge, information, and belief of the undersigned counsel to the Buyer, the documents that the Buyers are requesting to seal pursuant to this Motion to Seal do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## NOTICE

19. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the Official Committee of Unsecured Creditors; (d) the Objecting Parties, and (d) any other party entitled to notice pursuant to Bankruptcy Rule 2002. The Buyer submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Buyer respectfully requests that the Court enter the Proposed Order, substantially in the form annexed hereto, granting the relief sought herein and granting such other and further relief as may be just and proper.

Dated: December 22, 2020
      Wilmington, Delaware

/s/ *Joseph M. Mulvihill*
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Joseph M. Barry (No. 4221)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: jbarry@ycst.com
Email: jmulvihill@ycst.com

– and –

**WINSTON & STRAWN LLP**
Carey D. Schreiber (admitted *pro hac vice*)
Gregory M. Gartland (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: CSchreiber@winston.com
Email: GGartland@winston.com

*Counsel for the Buyer and the Lenders*