# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 76 and 227 |

### AMENDED ORDER ESTABLISHING PROCEDURES FOR AND AUTHORIZING THE SALE OR ABANDONMENT OF *DE MINIMIS* ASSETS

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105, 363, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rules 2002, 6004, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking the entry of an order authorizing the Debtors: (a) to effectuate "as is, where is" sales, without any representations or warranties of any kind, to the extent deemed outside the ordinary course of business (each, a "**Sale**," and together, the "**Sales**") of certain *de minimis* assets (which, for the avoidance of doubt, shall not include the Debtors' unexpired leases of real property or their interests therein) (the "**De Minimis Assets**"), free and clear of all liens, claims, interests, and encumbrances (the "**Liens**"), with any valid Liens to attach to the proceeds of the Sales to the same extent, validity, and priority of such Liens at the time of the Sales, pursuant to the Sale Procedures (as defined below), and (b) to abandon De Minimis Assets, pursuant to the Abandonment

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ACTIVE 54241601v1

Procedures (as defined below), to the extent the Debtors determine that a Sale thereof is unlikely to be consummated quickly or would not result in sufficient proceeds for the Debtors' estates; and upon the *Declaration of Brian Gleason in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"); and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012;  and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to sell De Minimis Assets in accordance with the following procedures (collectively, the "**Sale Procedures**"):

    a. If the consideration to be received by the Debtors from a purchaser who is not an insider, as that term is defined in section 101(31) of the Bankruptcy Code, for De Minimis Assets is equal to or less than $20,000.00, on a per-transaction basis (a "**Proposed Under 20k Sale**"), and the lenders (collectively, the "**DIP Lenders**") under that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "**DIP Credit Agreement**") have provided prior written consent to the proposed transaction (or series of related transactions) (which consent may be provided by counsel by email), and the Debtors have provided notice to counsel to any official committee appointed in these chapter 11 cases (which notice may be provided to counsel by email), the Debtors may submit a proposed form of order under certification of counsel authorizing

        the Sale of the De Minimis Assets which are the subject of the Proposed Under 20k Sale, and, upon this Court entering an order authorizing such Sale, may sell such De Minimis Assets without further notice to any other party.

  b.    If the consideration to be received by the Debtors from a purchaser who is not an insider, as that term is defined in section 101(31) of the Bankruptcy Code, for De Minimis Assets on a proposed transaction (or series of related transactions) is greater than $20,000.00 but does not exceed $100,000.00 (a "**Proposed Over 20k Sale**"), and the DIP Lenders have provided prior written consent to the Proposed Over 20k Sale (which consent may be provided by counsel by email), the Debtors will file with the Court a notice of such proposed Sale (a "**Sale Notice**") and serve such Sale Notice by electronic mail, overnight mail, facsimile, or hand delivery on the following parties (the "**Notice Parties**"): (i) the Office of the United States Trustee (the "**U.S. Trustee**"); (ii) counsel to the DIP Lenders, the prepetition lenders, and their respective collateral and administrative agents; (iii) counsel to any official committee appointed in these chapter 11 cases; and (iv) all other known parties holding or asserting Liens on the De Minimis Assets which are the subject of the Proposed Over 20k Sale and their respective counsel, if known.

  c.    The Sale Notice, to the extent that the Debtors have such information, will include: (i) the identity of the prospective purchaser and any relationship such party has with the Debtors; (ii) the purchase price; (iii) the closing date; (iv) any delivery or other charges to be paid by the Debtors in connection with the Proposed Over 20k Sale; (v) a description of the De Minimis Assets proposed to be sold; (vi) the book or orderly liquidation value of the De Minimis Assets to be sold (if ascertainable); (vii) the identity of any holder of a Lien, if any, on or in the De Minimis Assets to be sold and any amounts owed to such lienholder; (viii) any other material terms of the Proposed Over 20k Sale; and (ix) a description of the procedures for filing objections, if any, to the Sale Notice. The Sale Notice shall be sent at least seven (7) business days prior to the proposed closing date of the Sale.

  d.    The Notice Parties shall have five (5) business days after service of the Sale Notice to object to the Proposed Over 20k Sale (the "**Notice Period**"). Any objection to a Proposed Over 20k Sale must be in writing and served on counsel to the Debtors and the Notice Parties so as to be received by all such parties prior to the expiration of the Notice Period. Any objection must state with specificity the ground(s) for objection. If an objection to a Proposed Over 20k Sale is properly served, the Proposed Over 20k Sale may not proceed absent (i) entry of an order of the Court specifically approving the Proposed Over 20k Sale, or (ii) written withdrawal of the objection and the submission by the Debtors of a proposed form of order under certification of counsel authorizing the Proposed Over 20k Sale, and the entry by this

    Court of an order authorizing such Sale. If an objection is not resolved on a consensual basis, the Debtors may schedule the Proposed Over 20k Sale and the objection for hearing at the next available omnibus hearing date in these chapter 11 cases. Absent consensual resolution of an objection, the Sale will be completed only upon Court approval. If no objection by any of the Notice Parties is received, the Debtors may submit a proposed form of order under certification of counsel authorizing the Proposed Over 20k Sale, and upon this Court entering an order authorizing such Sale, may sell such De Minimis Assets without further notice to any other party.

e. In any proposed Sale to an insider, as that term is defined in section 101(31) of the Bankruptcy Code, the Debtors must file a Sale Notice with the Court and provide the Sale Notice at least seven (7) business days prior to the proposed closing date of the Sale, regardless of the proposed purchase price for the applicable De Minimis Assets. The Notice Parties shall have seven (7) business days after service of the Sale Notice to object to a proposed Sale to an insider. If an objection to a proposed Sale to an insider is timely served, the proposed Sale may not proceed absent (i) entry of an order of the Court specifically approving the proposed Sale or (ii) withdrawal of the objection and submission by the Debtors of a proposed form of order under certification of counsel authorizing the Sale, and entry by this Court of an order authorizing such Sale. If an objection is not resolved on a consensual basis, the Debtors may schedule the proposed Sale and the objection for hearing at the next available omnibus hearing date in these chapter 11 cases. If no objection by any of the Notice Parties is received, the Debtors may submit a proposed form of order under certification of counsel authorizing the Sale, and upon this Court entering an order authorizing such Sale, may sell such De Minimis Assets without further notice to any other party.

f. All buyers will acquire the De Minimis Assets sold by the Debtors pursuant to these Sale Procedures on an "AS IS, WHERE IS" basis without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended use or any other purposes; *provided, however*, that buyers will take title to the De Minimis Assets free and clear of Liens pursuant to section 363(f) of the Bankruptcy Code, with all such Liens, if any, to attach to the proceeds of any such Sale of De Minimis Assets with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such Sale.

g. The total amount of De Minimis Assets sold shall not exceed $500,000.00 in the aggregate.

h. All proceeds of Sales of De Minimis Assets shall be paid to the administrative agent under the DIP Credit Agreement for the benefit of the DIP Lenders, subject to any Permitted Encumbrances (as defined in the Final DIP Order).

4

3.   Pursuant to section 363(f) of the Bankruptcy Code, any Sale of De Minimis Assets pursuant to this Order will be free and clear of all Liens whatsoever and any such Liens shall attach to the proceeds of the Sale with the same validity, extent, and priority as such Liens had when attached to such De Minimis Assets prior to such Sale.

4.   Any holder of a Lien who did not object, or who withdrew its objection, to the sale or transfer of De Minimis Assets is deemed to have consented to such Sale under section 363(f)(2) of the Bankruptcy Code; *provided*, *however*, that the written consent of the DIP Lenders shall be required prior to any sale and transfer of De Minimis Assets (which consent may be provided by counsel by email).

5.   The Sales of any De Minimis Assets shall be deemed arm's length transactions and the purchasers of such assets shall be deemed good faith purchasers and entitled to the protections of section 363(m) of the Bankruptcy Code.

6.   Service of a Sale Notice in accordance with the Sale Procedures is deemed to be sufficient notice of the sale and transfer of De Minimis Assets covered by such Sale Notice.

7.   To the extent the Debtors determine that a Sale is unlikely to be consummated quickly or will not result in sufficient proceeds for the Debtors' estates, and determine in their business judgment that it is in the best interests of the Debtors, their estates, creditors, and other parties in interest to abandon any of De Minimis Assets, the Debtors, with the consent of the DIP Lenders, shall be authorized, but not required, pursuant to section 554 of the Bankruptcy Code, to abandon such De Minimis Assets in accordance with the following procedures (the "**Abandonment Procedures**"):

   a.   The Debtors shall provide written notice (the "**Abandonment Notice**") by electronic mail, overnight mail, facsimile, or hand delivery to the Notice Parties, which notice shall include (i) a list of De Minimis Assets being abandoned and (ii) a statement either of the Debtors' attempts to sell such

5

       De Minimis Assets or setting forth the reasons why the Debtors believe that a Sale is unlikely to be consummated quickly or will not result in sufficient Sale proceeds for the Debtors' estates.

    b.    The Notice Parties shall have five (5) business days after service of the Abandonment Notice to object to the proposed abandonment (the "**Abandonment Objection Deadline**"). Any objection to a proposed abandonment must be in writing and served on counsel to the Debtors and the Notice Parties so as to be received by all such parties prior to the expiration of the Abandonment Objection Deadline and must state with specificity the ground(s) for objection.

    c.    In the absence of an objection on or before the Abandonment Objection Deadline, the Debtors may abandon De Minimis Assets listed on the Abandonment Notice without further notice or hearing, and such abandonment will be deemed fully authorized by the Court. If an objection to a Proposed Abandonment is timely filed and served by the Abandonment Objection Deadline, the Debtors will not proceed with the proposed abandonment and may schedule the proposed abandonment and the objection for hearing at the next available omnibus hearing date in these chapter 11 cases. The Debtors will have the authority to proceed with the proposed abandonment only if (i) the objection is withdrawn or otherwise resolved or (ii) this Court overrules such objection.

8.     The Debtors may not abandon De Minimis Assets to insiders, as that term is defined in section 101(31) of the Bankruptcy Code, without a further order of this Court.

9.     For the avoidance of doubt, this Order does not authorize the sale or abandonment of the Debtors' books and records, and any such books and records, including, but not limited to, electronically stored information, shall be preserved absent further order of this Court.

10.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

ACTIVE 54241601v1

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: December 29th, 2020
Wilmington, Delaware

ACTIVE 54241601v1

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE