# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 565 |

**DECLARATION OF BRIAN GLEASON IN SUPPORT OF SECOND OMNIBUS MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON CERTAIN PERSONAL PROPERTY, IF ANY, EACH EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Brian Gleason, hereby declare, under penalty of perjury, as follows:

1. I have served as the Chief Restructuring Officer ("**CRO**") of YouFit Health Clubs, LLC and its subsidiaries that comprise the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") since May 6, 2020. In addition to my role as the CRO, I am also a Senior Managing Director and Shareholder at Phoenix Management Services, LLC ("**Phoenix**"), a leading business advisory firm. Additional details regarding the services that I and certain Phoenix personnel have provided to the Debtors are set forth in that *Declaration of Brian Gleason*

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been requested, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the proposed claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

ACTIVE 54398034v6

in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief, filed on November 9, 2020 [Docket No. 11].[2]

2.  On November 9, 2020 (the "**Petition Date**"), each of the Debtors filed a petition with this Court under chapter 11 of title 11 of the United States Code.

3.  Except as otherwise indicated herein, all facts set forth in this declaration (this "**Declaration**") are based upon my personal knowledge of the Debtors' operations and financing, information learned from my review of relevant documents, information supplied to me by other members of the Debtors' management and the Debtors' advisors, or are my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and financial condition.

4.  I am authorized to submit this Declaration in support of the *Second Omnibus Motion of Debtors for Entry of an Order (I) Authorizing Debtors to (a) Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property and (b) Abandon Certain Personal Property, if Any, Each Effective as of the Rejection Date and (II) Granting Related Relief* [Docket No. 565] (the "**Rejection Motion**").[3] If called upon to testify, I could and would testify competently to the facts set forth herein.

5.  On December 28, 2020, the Court entered an order [Docket No. 564] (the "**Sale Order**") authorizing the Debtors to sell substantially all of their assets to YF FC Acquisition, LLC (the "**Buyer**") in accordance with the Sale Order and that certain Asset Purchase Agreement, dated

---

[2] A more detailed description of the services for which I have been retained to provide to the Debtors is set forth in the *Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Employ and Retain Phoenix Executive Services, LLC to Provide the Debtors with a Chief Restructuring Officer and Additional Personnel and (II) Designating Brian Gleason as the Debtors' Chief Restructuring Officer,* Nunc Pro Tunc *To the Petition Date* [Docket No. 80], which was approved on December 3, 2020 [Docket No. 195].

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Rejection Motion.

November 10, 2020, by and between the Debtors and the Buyer (as amended from time to time, the "**Stalking Horse Purchase Agreement**").  As set forth in the Sale Order and the Stalking Horse Purchase Agreement, through the earlier of (i) ninety (90) days following the closing of the Sale and (ii) the expiration of the Debtors' deadline to assume or reject unexpired leases of nonresidential real property pursuant to section 365(d)(4) of the Bankruptcy Code, subject to an extension thereof, the Buyer may designate (the "**Designation Rights**") any Designated Contract (as defined in the Sale Order) for either (a) assumption and assignment to the Buyer, or (b) rejection.  The Closing Date (as defined in the Stalking Horse Purchase Agreement) of the Sale has not yet occurred.

6. The Debtors seek to reject the executory contracts and unexpired leases of nonresidential real property (the "**Rejected Contracts**") identified in the Rejection Motion as of the Rejection Date.  The Rejected Contracts are executory contracts and unexpired leases of nonresidential real property that the Buyer has designated for rejection and that have not been previously assumed and assigned to the Buyer in connection with the Sale or rejected.

7. With respect to the Rejected Contracts that are leases for nonresidential real property (the "**Rejected Leases**"), the Debtors vacated and/or surrendered the associated Premises by the Rejection Date. On and/or in the days leading up to the Rejection Date, the Debtors delivered notices to the landlords and/or property managers of such premises informing them of the anticipated rejection of the applicable lease, including the keys, key codes, or alarm codes, as applicable, to the respective Premises, and otherwise advising that the respective Premises may be re-let as of the Rejection Date.

8. I am advised that prior to surrender of the Premises covered by the Rejected Leases, the Debtors removed all desired Personal Property from the Premises.  It is my understanding that

to the extent any Personal Property remains at the Premises, such property (a) is of inconsequential value or (b) the cost of removing and storing such property for future use, marketing, or sale exceeds its value to the Debtors' estates. In my opinion, the Debtors are exercising sound business judgment in seeking to abandon any Personal Property remaining at the Premises.

9. I believe that rejection of the Rejected Contracts is in the best interest of the Debtors' estates and creditors. Absent rejection, the Rejected Contracts could impose obligations on the Debtors and their estates that would constitute an unnecessary drain of the Debtors' limited resources compared to any benefits associated therewith. I also believe that rejecting the Rejected Contracts will result in meaningful savings to the Debtors' estates. I maintain that rejecting the Rejected Contracts is appropriate under the circumstances and reflects the Debtors' reasonable business judgment.

10. I also believe that the balance of the equities favors retroactive rejection of the Rejected Contracts to the Rejection Date. As I understand, the Debtors provided adequate notice to the applicable counterparties that the Rejected Contracts were subject to assumption and assignment to the Buyer or rejection in connection with the Sale. Without such relief, I believe the Debtors will potentially incur unnecessary administrative expenses related to the Rejected Contracts – agreements that do not provide a net benefit to the Debtors' estates in light of the rent and related charges the Debtors could be obligated to pay thereunder without corresponding and commensurate benefits to the estates. Meanwhile, given the surrender of possession of the Premises and notice provided to the landlords, I do not believe the landlords of the Rejected Leases will be unduly prejudiced if the rejection is deemed effective as of the Rejection Date.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 12, 2021

*/s/ Brian Gleason*
Brian Gleason
Chief Restructuring Officer for the Debtors
and Debtors in Possession