**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 622** |

**ORDER (I) FIXING DEADLINES FOR FILING PROOFS OF CLAIM
AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the *Debtors' Motion for Entry of an Order (I) Fixing Deadlines for Filing proofs of claim, and (II) Approving the Form and Manner of Notice Thereof* (the "**Motion**");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having jurisdiction to enter a final order consistent with Article III of the United States Constitution; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having held a hearing (the "**Hearing**") to consider the relief requested in the Motion; and this Court having determined that there is good and sufficient cause for the relief set forth in this Order; and after due deliberation thereon,

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. All claims (as defined in section 101(5) of the Bankruptcy Code) of a person or entity (other than a governmental unit) arising before the Petition Date, including, but not limited to, any claims arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") against the Debtors' estates and administrative expenses against a Debtor for the value of goods sold to such Debtor in the ordinary course of business and received by such Debtor within 20 days before the Petition Date, based upon the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, except as otherwise provided for or specifically excepted in this Order or in the Motion, shall be filed with Donlin, Recano & Company, Inc. ("**DRC**") pursuant to the procedures provided in this Order so as to be actually received on or before **February 22, 2021, at 4:00 p.m. (prevailing Eastern Time)** (the "**General Bar Date**"). For the avoidance of doubt, holders of claims for any amounts which came due or accrued under an unexpired lease before the Petition Date shall not be required to file such claims unless and until the unexpired lease is rejected.

3. All governmental units (as defined in section 101(27) of the Bankruptcy Code, including any such entities that hold a claim arising from prepetition tax years or periods or prepetition transactions to which a Debtor was a party) holding or wishing to assert claims against the Debtors arising before the Petition Date are required to file a proof of claim so that any such proof of claim is actually received by DRC on or before **May 10, 2021 at 4:00 p.m. (prevailing Eastern Time)** (the "**Government Bar Date**").

4. The proposed Bar Date Notice, substantially in the form attached as **Exhibit 1** hereto, and the proposed Proof of Claim Form, substantially in the form attached as **Exhibit 2**

hereto, are approved in their entirety.

5. If the Debtors amend or supplement their Schedules of Assets and Liabilities (the "**Schedules**") after the Bar Date Notice is served, in accordance with Local Rule 1009-2, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby within 14 days thereof, and such holders, as set forth in any such notice, shall have until the later of (i) the applicable Bar Date or (ii) 4:00 p.m. (prevailing Eastern Time) on the date that is 21 days from the date of service of such notice to file a proof of claim or be barred from so doing.

6. Holders of claims against the Debtors arising from the rejection by the Debtors of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) the General Bar Date, (b) 4:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the entry of an order by the Court authorizing such rejection, or (c) such other date, if any, as the Court may fix in the order authorizing such rejection. Notwithstanding the foregoing, a party to an executory contract that asserts a claim (other than a rejection damages claim) on account of unpaid amounts or other obligations accrued and outstanding as of the Petition Date pursuant to such executory contract must file a proof of claim for such amounts or obligations on or before the General Bar Date or Government Bar Date, as applicable, unless such party is expressly excluded from filing a proof of claim by this Order.

7. The following persons and entities are *not* required to file a proof of claim on or before the applicable Bar Dates with respect to the types of claims described in this Paragraph 7:

   a. None of the DIP Agent, the DIP Lenders, the Prepetition Secured Parties, or YF FC Acquisition LLC (the "**Buyer**") shall be required to file proofs of claim in these chapter 11 cases to maintain or assert their respective claims for payment or satisfaction of any obligations arising under (1) the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507, Bankruptcy Rules 2002, 4001, 6004 and 9014 and Local Bankruptcy Rule 4001-2 (I) Authorizing*

*the Debtors to Obtain Postpetition Senior Secured Superpriority Financing, (II) Authorizing the Debtors' Limited Use of Cash Collateral, (III) Granting Adequate Protection to the Prepetition Secured Parties, and (IV) Granting Related Relief* [Docket No. 231] (as amended, restated, supplemented, or otherwise modified from time to time, the "**Final DIP Order**")[3], including, without limitation, on account of Adequate Protection, (2) any other DIP Credit Documents, (3) the Prepetition Credit Documents, (4) the Sale Order, or (5) the Asset Purchase Agreement, dated November 10, 2020, by and between the Debtors and the Buyer (as amended by that certain First Amendment to Asset Purchase Agreement, dated as of December 4, 2020, and as the same may be further amended, restated, supplemented, or otherwise modified from time to time) attached to the Sale Order, each as applicable; *provided*, *however*, that the Prepetition Agent on its behalf and the behalf of the Prepetition Secured Parties, the DIP Agent on its behalf and the behalf of the DIP Agent and the DIP Lenders, and the Buyer on its own behalf are authorized, but not required, to file a master proof of claim on account of their respective claims against the Debtors;

b. Any person or entity who has already filed a proof of claim in these chapter 11 cases with DRC or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801, on account of a particular claim, except to the extent such claimant wishes to amend its previously filed proof of claim;

c. Any person or entity whose claim is listed on the applicable Debtor's Schedules; *provided*, *however*, that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules, and (iv) the person or entity does not have or assert any other claims against the Debtors (the assertion of which would require the filing of a proof of claim unless another exception applies);

d. Any person or entity that holds an equity security interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided*, *however*, that if any such holder asserts a *claim* (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the applicable Bar Date; *provided*, *further*, that the Debtors reserve all rights with respect to any such claims including, *inter alia*, to assert that such claims are subject to subordination pursuant to section 510(b) of the

---

[3] All defined terms in this Paragraph 7(a) shall have the meanings ascribed to them in the Final DIP Order.

        Bankruptcy Code;[4]

    e. Any holder of a claim by a Debtor against another Debtor, with respect to such claim;

    f. Any person or entity whose claim has been paid in full;

    g. Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except for a holder of a 503(b)(9) Claim, which 503(b)(9) Claim must be asserted by filing a proof of claim on or before the applicable Bar Date;

    h. Any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

    i. Any holder of a claim for which a separate deadline is (or has been) fixed by this Court; and

    j. Any holder of a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date.

8.     The Debtors retain the right to seek relief at a later date to establish a bar date requiring holders of equity interests to file proofs of interest.

9.     Any creditor whose prepetition claim against the Debtors is not listed in the Schedules or is listed as "disputed," "contingent," or "unliquidated" and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases, and any creditor whose prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount, must file a proof of claim on or before the applicable Bar Date for such claim.

10.     Each proof of claim, to be properly filed pursuant to this Order, shall (i) be signed, (ii) be written in the English language, (iii) be denominated in currency of the United States, (iv) conform substantially to the Proof of Claim Form attached as **Exhibit 2** hereto, (v) be submitted with copies of supporting documents (or a summary if voluminous) or an explanation

---

[4]     The Debtors reserve the right to establish at a later time a bar date requiring holders of equity interests to file proofs of interest. If such a bar date is established, holders of equity interests will be notified of the bar date for filing proofs of interest at the appropriate time.

of why such document is not available, and (vi) specify the Debtor, by name and case number, against which the proof of claim is filed.

11. In addition to meeting all the other requirements of the immediately preceding paragraph above, any proof of claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date, (ii) attach any documentation identifying the date such goods were received by the Debtor, (iii) state whether the amount asserted in the proof of claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted.

12. Proofs of claim filed with DRC will be deemed timely filed only if *actually received* by DRC on or before the applicable Bar Date associated with such claim either: (i) if by U.S. Mail, Donlin, Recano & Company, Inc., Re: YouFit Health Clubs, LLC, et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; (ii) if by hand delivery or overnight mail, Donlin, Recano & Company, Inc., Re: YouFit Health Clubs, LLC, et al., 6201 15th Avenue, Brooklyn, NY 11219; or (iii) electronically using the interface available on the website maintained by DRC in these chapter 11 cases (https://www.donlinrecano.com/Clients/yfhc/FileClaim). **DRC shall not accept proofs of claim submitted by any other means than those set forth in this Order, including, but not limited to, facsimile, telecopy, or email**.

13. Any creditor asserting a claim against more than one Debtor is required to submit separate proofs of claim and identify on each proof of claim the Debtor against which the claim is asserted.

14. Parties who wish to receive from DRC a proof of receipt of their proofs of claim, must also include with their original proof of claim a copy of such claim and a self-addressed and

pre-stamped envelope. A party who files a proof of claim electronically can verify receipt of its claim by reviewing claims on the website of DRC at https://www.donlinrecano.com/Clients/yfhc/ClaimsSearch.

15. All holders of 503(b)(9) Claims shall be required to file a proof of claim on or before the applicable Bar Date.

16. Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a proof of claim on or before the applicable Bar Date as provided herein, but fails to do so, shall not be treated as a creditor of any Debtor for purposes of voting upon or receiving distributions under any plan or plans of reorganization or liquidation in these chapter 11 cases. If it is unclear from the Schedules whether a creditor's claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, such creditor *must* file a proof of claim on or before the applicable Bar Date. Any creditor that relies on the Schedules bears responsibility for determining that its claim is accurately listed therein.

17. In accordance with Bankruptcy Rule 2002, the Debtors are authorized to serve, through DRC, the Bar Date Notice and the Proof of Claim Form by first-class mail, postage prepaid, on or before January 25, 2021 on: (a) all creditors and other known holders of claims; (b) all persons and entities with whom the Debtors conducted business post-petition; (c) parties listed on the Debtors' mailing matrix; (d) all parties to pending litigation against the Debtors; (e) all entities which have filed a notice of appearance in these chapter 11 cases; (f) the Internal Revenue Service; (g) local taxing authorities; (h) all relevant state attorneys general; (i) counsel to the official committee of unsecured creditors; and (j) the Office of the United States Trustee for the District of Delaware. Each party in interest that is entitled to receive notice hereunder will receive a Proof of Claim Form; *provided*, *however*, that the Debtors are not required to serve the

Bar Date Package on the Members by first-class mail, but may serve the Bar Date Package on or before the Bar Date Mailing Date on the Members by electronic mail to the Members for whom the Debtors have electronic mail addresses and by posting a copy of the Bar Date Note on the Debtors' website; *and further provided*, *however*, that the Proof of Claim Form may be customized for each creditor whose claim is listed on the Schedules with the creditor's name, address, and information regarding the nature, amount, and status of its claim(s) as reflected in the Schedules.

18. Prior to mailing or transmitting the Bar Date Package, the Debtors may cause to be filled in any missing dates and other information, correct any typographical errors, conform the provisions thereof to this Order, and make such other non-material changes to the Bar Date Notice and the Proof of Claim Form as the Debtors deem necessary or appropriate.

19. After the initial mailing or transmission of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings or transmissions of notices or packages, including to the extent that: (i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; or (iii) additional potential claimants become known as a result of the Bar Date mailing process. If notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors. If the Debtors determine after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a proof of claim must be filed by such parties shall be the later of (i) the General Bar Date or the Government Bar Date, as applicable, or (ii) 4:00 p.m. (prevailing Eastern Time) on the date that is 21 days from the mailing of the Bar Date Package to such parties (the "**Supplemental Bar Date**").

20. The Debtors, through DRC, shall post the Proof of Claim Form and the Bar Date Notice on the website established by DRC in these chapter 11 cases at https://www.donlinrecano.com/Clients/yfhc/Static/BDPOC.

21. The Debtors retain all rights to (i) object to any proof of claim on any grounds; (ii) dispute, or assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise; and (iii) subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

22. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

24. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: January 20th, 2021
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**