## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| | (Jointly Administered) |
| Debtors. | |
| | **Ref. Docket Nos. 17 & 564** |

### CERTIFICATION OF COUNSEL SUBMITTING FOURTH SUPPLEMENTAL ORDER (I) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

YF FC Acquisition LLC (the "Buyer") hereby certifies as follows:

On December 28, 2020, the Court entered the *Order (I) Authorizing the Sale of All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Authorizing and Approving the Debtors' Performance Under the Stalking Horse Purchase Agreement, (III) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto and (IV) Granting Related Relief* [Docket No. 564], on February 9, 2021 the Court entered the *Supplemental Order (I) Authorizing the Sale of All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Authorizing and Approving the Debtors' Performance Under the Stalking Horse Purchase Agreement, (III) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto and (IV) Granting Related Relief* [Docket No. 735], on March 1, 2021, the Court entered the *Supplemental Order (I) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases and (II)*

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

**Error! Unknown document property name.**

*Granting Related Relief* [Docket No. 775], on April 26, 2021, the Court entered the *Second Supplemental Order (I) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 876], and on May 25, 2021, the Court entered the *Third Supplemental Order (I) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 925].

Additionally, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed and served a *Notice of Potential Assumption and Assignment* [Docket No. 146], a *First Supplemental Notice of Potential Assumption and Assignment* [Docket No. 210], and a *Notice of Intent to Assume and Assign Executory Contracts and Unexpired Leases* [Docket No. 677].

At the request of the Debtors, the Buyer hereby submits a proposed form of supplemental order attached hereto as Exhibit A (the "Proposed Order"), approving the assumption and assignment of the Assumed Contracts (as defined in the Proposed Order), as set forth more fully in the Proposed Order. The Proposed Order has been circulated to counsel to the Debtors and the counterparties to the Assumed Contracts (as defined in the Proposed Order), and each party has consented to entry of the Proposed Order.

*[Remainder of Page Intentionally Left Blank]*

**Error! Unknown document property name.**

Accordingly, the Buyer respectfully requests that the Court enter the Proposed Order at its

earliest convenience without further notice or a hearing.

Dated: June 2, 2021
Wilmington, Delaware

/s/ *Joseph M. Mulvihill*
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Joseph M. Barry (No. 4221)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: jbarry@ycst.com
Email: jmulvihill@ycst.com

– and –

**WINSTON & STRAWN LLP**
Carey D. Schreiber (admitted *pro hac vice*)
Gregory M. Gartland (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: CSchreiber@winston.com
Email: GGartland@winston.com

*Counsel for the Buyer*

## **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YOUFIT HEALTH CLUBS, LLC, *et al.*,[1] | Case No. 20-12841 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Ref. Docket Nos. 17, 564** |

**FOURTH SUPPLEMENTAL ORDER (I) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion [Docket No. 17] (the "Motion") of the above-captioned

debtors and debtors in possession (the "Debtors") for the entry of an order pursuant to sections

105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002,

6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), among other things,

(i) authorizing the sale of the Acquired Assets (the "Sale") free and clear of liens, claims,

encumbrances, and other interests, except as provided by that Asset Purchase Agreement, dated

November 10, 2020, by and between the Debtors (the "Sellers" and each a "Seller") and YF FC

Acquisition LLC as the Stalking Horse Bidder (together with its subsidiaries, collectively, the

"Buyer"), together with all exhibits and schedules thereto, as amended, supplemented, or otherwise

modified from time to time and as the same may be further amended, supplemented, or otherwise

---

[1] The last four digits of YouFit Health Clubs, LLC's tax identification number are 6607. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at www.donlinrecano.com/yfhc. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 1350 E. Newport Center Dr., Suite 110, Deerfield Beach, FL 33442.

modified in accordance with its terms, including pursuant to that certain First Amendment to Asset Purchase Agreement, dated as of December 4, 2020, that certain Second Amendment to Asset Purchase Agreement, dated as of February 18, 2021, and the *Order (I) Authorizing the Sale of All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Authorizing and Approving the Debtors' Performance Under the Stalking Horse Purchase Agreement, (III) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto and (iv) Granting Related Relief* [Docket No. 564] (the "Original Sale Order");[2] and the Court having entered the Original Sale Order after hearings held on December 23, 2020 and December 28, 2020 (collectively, the "Sale Hearing"); and the Court having entered the *Supplemental Order (I) Authorizing the Sale of All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Authorizing and Approving the Debtors' Performance Under the Stalking Horse Purchase Agreement, (III) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto and (IV) Granting Related Relief* [Docket No. 735] (collectively with the Original Sale Order, the "Sale Order") after a hearing held on February 9, 2021; and the Court having entered the *Supplemental Order (I) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 775]; and the Court having entered the *Second Supplemental Order (I) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 876]; and the Court having entered the *Third Supplemental Order (I) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases and (II)*

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in either the Motion, the Stalking Horse Purchase Agreement (as defined herein), or the Sale Order (as defined herein), as applicable.

*Granting Related Relief* [Docket No. 925]; and the Debtors having filed and served a *Notice of Potential Assumption and Assignment* [Docket No. 146] (the "Original Assumption Notice"), a *First Supplemental Notice of Potential Assumption and Assignment* [Docket No. 210] (the "First Supplemental Assumption Notice"), and a *Notice of Intent to Assume and Assign Executory Contracts and Unexpired Leases* [Docket No. 677] (together with the Original Assumption Notice and the First Supplemental Assumption Notice, collectively the "Assumption Notices"); and the Court having reviewed and considered the Motion and other evidence submitted in support of the Motion, the objections thereto, and the Stalking Horse Purchase Agreement; and the Court having heard statements and arguments of counsel and the evidence presented with respect to the relief requested in the Motion; and due notice of the Motion, including the Assumption Notices, having been provided; and the Court having jurisdiction over this matter; and after due deliberation thereon,

### THE COURT HEREBY FURTHER FINDS AND DETERMINES THAT:

1.      The Assumption Notices were good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of the assumption and assignment to the Buyer of each executory contract or unexpired lease set forth on **Exhibit A** attached hereto (collectively, the "Assumed Contracts").

2.      The Buyer provided adequate assurance of its future performance under the relevant Assumed Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

3.      The assumption and assignment of the Assumed Contracts to Buyer as set forth on **Exhibit A** shall be effective upon entry of this Order (the "Assumption Effective Date").

AmericasActive:15687113.1

4.      All objections to the assumption and assignment of the Assumed Contracts, including any Adjourned Objections, that have not been withdrawn, waived, settled, or adjourned, and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice.  Each non-debtor party to any Assumed Contract ("Contract Counterparty") who did not object, or withdrew its objections, is deemed to have consented to the assumption and assignment of its Assumed Contract pursuant to section 365 of the Bankruptcy Code.  The findings of fact and conclusions of law set forth in the Sale Order concerning assumption and assignment shall apply, be binding upon, be law of the case, and operate to collaterally estop any argument by any Contract Counterparty.

5.      For the avoidance of doubt, any and all rights of any non-Debtor counterparty to an executory contract or unexpired lease not set forth on **Exhibit A** attached hereto that remains subject to an Adjourned Objection are expressly reserved in accordance with the Original Sale Order.

6.      The Sellers are hereby authorized and directed in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign the Assumed Contracts to the Buyer free and clear of all Claims, Liens, and other interests of any kind or nature whatsoever (other than the Assumed Liabilities), subject to the terms of the Stalking Horse Purchase Agreement, the Sale Order, and this Order, as of the Assumption Effective Date and (b) execute and deliver to the Buyer such documents or other instruments as the Buyer deems necessary to assign and transfer the Assumed Contracts to the Buyer in accordance with the Stalking Horse Purchase Agreement.

7.      The payment of the applicable Cure Amounts set forth on **Exhibit A** attached hereto by the Buyer as required by the Stalking Horse Purchase Agreement and this Order and compliance with any amendments agreed to between the Contract Counterparty and the Buyer shall (a) effect

4

a cure of all defaults existing thereunder as of the Assumption Effective Date, (b) compensate for any actual pecuniary loss to the applicable Contract Counterparty resulting from such default, and (c) together with the assignment by the Sellers to and the assumption of the Assumed Contracts by the Buyer, constitute adequate assurance of future performance thereof.

8.      Pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Sellers of the Assumed Contracts shall not be a default thereunder.  After the payment of the relevant Cure Amounts as required by the Stalking Horse Purchase Agreement and this Order, the Sellers shall not have any further liabilities to the Contract Counterparties, and the counterparties shall be estopped from asserting any and all Claims or Liens, whether known or unknown, against the Sellers on account of the Assumed Contracts.

9.      Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract to the Buyer or allows a Contract Counterparty to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract to the Buyer, constitute anti-assignment provisions that are unenforceable and will have no force and effect solely with respect to assumption and assignment of the Assumed Contracts pursuant to this Order.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Sellers and assignment to the Buyer of the Assumed Contracts have been satisfied.

10.      Upon the Assumption Effective Date of any Assumed Contract, in accordance with section 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title and interest of the Sellers under such Assumed Contract.  To the extent provided in the Stalking Horse Purchase Agreement, the Debtors shall cooperate with and take all actions reasonably requested by the Buyer to effectuate the foregoing.

AmericasActive:15687113.1

11.     Upon the Assumption Effective Date and the payment of the relevant Cure Amount, if any, the Buyer shall be deemed to be substituted for the Sellers as a party to the applicable Assumed Contract and the Sellers shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under such Assumed Contract.

12.     Upon the Assumption Effective Date and the payment of the relevant Cure Amount, if any, the Assumed Contracts will remain in full force and effect (subject to any amendments agreed to between the Contract Counterparty and the Buyer), and no default shall exist under the Assumed Contracts and no Contract Counterparty shall be permitted (a) to declare a default by the Buyer under such Assumed Contract, or (b) to otherwise take action against the Buyer as a result of any Debtors' financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Assumed Contract.   Each Contract Counterparty hereby is also forever barred, estopped, and permanently enjoined from (a) asserting against the Debtors or the Buyer, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Assumption Effective Date, or, against the Buyer, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors, expect as otherwise provided in this Order or in any amendments agreed to between the Contract Counterparty and the Buyer, and (b) imposing or charging against the Buyer or its affiliates any rent accelerations, assignment fees, increases (including advertising rates), or any other fees as a result of the Debtors' assumption and assignments to the Buyer of the Assumed Contracts.

13.     Nothing in this Order or the Stalking Horse Purchase Agreement shall affect or modify the Debtors' obligations pursuant to section 365(d)(3) of the Bankruptcy Code.

AmericasActive:15687113.1

14.     For the avoidance of doubt and notwithstanding anything to the contrary contained herein or in the Stalking Horse Purchase Agreement, the Buyer shall be liable for all obligations and liabilities under the Assumed Contracts that are leases of non-residential real property, as may be modified by agreement of the Buyer and the Contract Counterparty, to the extent such obligations or liabilities arise or are (as required by the applicable lease) billed after the Assumption Effective Date, as applicable, including, but not limited to any and all liabilities or obligations arising under the leases with respect to any accruing and not yet due adjustments or reconciliations (including, without limitation, for royalties, percentage rent, utilities, taxes, common area or other maintenance charges, promotional funds, insurance, fees, or other charges) when billed in the ordinary course, regardless of whether such obligations or liabilities are attributable to the period prior to the Assumption Effective Date, as applicable, unless otherwise agreed to in writing by the Buyer and the Contract Counterparty, in each case subject to the terms and conditions of the lease, as may be modified by agreement of the Buyer and the Contract Counterparty.

15.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, other than the right to payment of any Cure Amount or as provided in any amendments agreed to between the Contract Counterparty and the Buyer, all Contract Counterparties are forever barred and permanently enjoined from raising or asserting against either the Sellers or the Buyer any assignment fee, default, breach, Claim, pecuniary loss, or condition to assignment arising under or related to the Assumed Contracts existing as of the Assumption Effective Date.

16.     Notwithstanding that as of the Assumption Effective Date, as provided for by this Order and the Stalking Horse Purchase Agreement, the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assigned Contracts,

7

any Contract Counterparty may seek to recover from the Debtors indemnification obligations, if any, arising from third-party claims asserted with respect to or arising from the Debtors' use and occupancy of Leased Real Property prior to the Assumption Effective Date for which the Debtors have a duty to indemnify such Lease counterparty pursuant to any Lease, solely with respect to available insurance coverage.

17.    All Contract Counterparties shall cooperate and expeditiously execute and deliver, upon the reasonable request of the Buyer, any instruments, applications, consents, or other documents that may be required or requested by any public authority or other party or entity to effectuate the applicable transfers in connection with the sale of the Acquired Assets.

18.    The terms of the Sale Order are incorporated herein and made part of this Order and each of the Assumed Contracts set forth herein and on **Exhibit A** attached hereto is an Assumed Contract as set forth in the Sale Order.  Except as expressly modified by this Order, the Sale Order shall remain unchanged and in full force and effect.  All factual and other findings and conclusions of law contained in the Sale Order shall remain fully applicable.  Nothing in this Order shall impact the finality of the Sale Order.

19.    Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), and pursuant to Bankruptcy Rules 7062(g) and 9014, this Order shall not be stayed and shall be effective immediately upon entry.

20.      This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the Sale Order, and the Stalking Horse Purchase Agreement, all amendments thereto as well as any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party and adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

9

**Exhibit A**

**Assumed Contracts**

AmericasActive:15687113.1

| Assumption Notice Exhibit Index No. [Docket No. 677] | Contract Party | Name 2 | Debtor Entity Name | Type of Contract | Contract / Lease Description | Cure Amount | Assumption Effective Date | Buyer Assignee |
|---|---|---|---|---|---|---|---|---|
| 82 | MIDLOTHIAN CENTER, LLC | CB RICHARD ELLIS | YOUFIT, LLC | REAL PROPERTY LEASE | CLUB NO. 7459 - MIDLOTHIAN REAL PROPERTY LEASE - 13583 MIDLOTHIAN TURNPIKE, MIDLOTHIAN, VA 23113 | $85,677.42[3] | DATE OF ENTRY OF THIS ORDER | YF FC OPERATIONS, LLC |

[3] Cure Amount to be paid in accordance with the Assignment of and Second Amendment to Lease Agreement, dated as of June 1, 2021.